J-S28004-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                                          :          PENNSYLVANIA
                                                          :
                          v.                             :
                                                          :
                                                          :
STEPHEN MONTGOMERY                  :
                                                          :
               Appellant                        :   No. 990 WDA 2022

Appeal from the PCRA Order Entered August 16, 2022
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0017226-2000

BEFORE:   PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.:                **FILED: November 6, 2023**

Stephen Montgomery presents this *pro se* appeal from the order denying his untimely serial petition filed under the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-9546. We affirm.

Montgomery's convictions stem from the shooting death of George Maxwell that occurred on November 4, 2000, in the city of McKeesport. Witnesses observed Montgomery pistol-whip and then shoot the victim in the head outside of an after-hours club located on Walnut Street in McKeesport. On October 24, 2002, a jury convicted Montgomery of first-degree murder and related offenses. On January 28, 2003, the trial court sentenced Montgomery to serve a mandatory sentence of life imprisonment.

---

[*] Former Justice specially assigned to the Superior Court.

On direct appeal, this Court affirmed Montgomery's judgment of sentence on January 19, 2005, and on October 4, 2005, our Supreme Court denied his petition for allowance of appeal. ***Commonwealth v. Montgomery***, 373 WDA 2003, 872 A.2d 1273 (Pa. Super. 2005), *appeal denied*, 57 WAL 2005, 885 A.2d 532 (Pa. 2005). Suffice it to say that, in the more than fifteen years that followed, Montgomery filed numerous petitions seeking post-conviction relief, and none were successful.

On November 16, 2021, Montgomery filed, *pro se*, the instant PCRA petition. The PCRA court issued notice of its intent to dismiss pursuant to Pa.R.Crim.P. 907, and Montgomery filed objections. On August 16, 2022, the PCRA court entered an order dismissing the PCRA petition. This timely *pro se* appeal followed. Montgomery submits several claims of PCRA court error, particularly his contention that he has satisfied an exception to the PCRA timeliness requirement.

Our standard of review for an order denying PCRA relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. ***See Commonwealth v. Phillips***, 31 A.3d 317, 319 (Pa. Super. 2011). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***See id***.

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. ***See*** 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review,

including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). This time requirement is mandatory and jurisdictional in nature and goes to a court's right or competency to adjudicate a controversy. *See Commonwealth v. Robinson,* 837 A.2d 1157, 1161 (Pa. 2003) (citations omitted).

Our review of the record reflects that Montgomery's judgment of sentence became final on January 3, 2006,[1] ninety days after the Pennsylvania Supreme Court denied his petition for allowance of appeal and the time for filing a petition for review with the United States Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13. Montgomery did not file this PCRA petition until November 16, 2021. Accordingly, the PCRA petition is patently untimely, and we lack jurisdiction to consider its merits unless he pleaded and proved a timeliness exception.

Section 9545 of the PCRA provides three exceptions that allow for review of an untimely PCRA petition: (1) the petitioner's inability to raise a claim because of governmental interference; (2) the discovery of previously unknown facts that would have supported a claim; and (3) a newly recognized

---

[1] We observe that Montgomery needed to file his petition for writ of certiorari on or before Tuesday, January 3, 2006, because Monday, January 2, 2006, was the New Year's Day holiday. *See* U.S.Sup.Ct.R. 30 (explaining that, for computations of time, whenever the last day of any such period falls on Saturday or Sunday, or a legal holiday, such day is omitted from the computation).

constitutional right. ***See id***. A PCRA petition invoking one of these statutory exceptions must be filed within the time constraints set forth at 42 Pa.C.S.A. § 9545(b)(2). "The PCRA petitioner bears the burden of proving the applicability of one of the exceptions." ***Commonwealth v. Spotz***, 171 A.3d 675, 678 (Pa. 2017) (citation omitted).

The record reflects Montgomery attempted to raise, in the instant PCRA petition, the exception that the facts upon which his claim is predicated were unknown to him, 42 Pa.C.S.A. § 9545(b)(1)(ii). This exception required Montgomery to plead: (1) the existence of facts that were previously unknown to him, (2) that he could not have discovered earlier through due diligence, (3) the relevance of those facts to his conviction, if not obvious, and (4) that he filed his PCRA petition within one year of discovering the facts. ***See Commonwealth v. Robinson***, 185 A.3d 1055, 1061-62 (Pa. Super. 2018) (*en banc*); ***see also*** 42 Pa.C.S.A. § 9545(b)(2).

Instantly, in his first and second issues, Montgomery claims he is entitled to PCRA relief on the basis of newly-discovered evidence consisting of the racial bias of former Court of Common Pleas Judge Mark Tranquilli, who had served as the prosecutor at Montgomery's 2002 jury trial. ***See*** Appellant's Brief at 8-11. First, Montgomery makes the bald allegation that from inappropriate comments made by Tranquilli when he was serving as a judge, "one can easily infer that as ADA[,] Tranquilli … would use his preemptory strikes against young African American jurors." Appellant's Brief at 9.

The PCRA court found no merit to Montgomery's assertion, and addressed his claim as follows:

Upon review of [Montgomery's] PCRA Petition, this [c]ourt concluded [Montgomery] failed to plead and prove by a preponderance of the evidence that any alleged racial bias on the part of former ADA Tranquilli constituted exculpatory evidence that would have changed the outcome of the trial, particularly in light of the fact that [Montgomery] was convicted by a jury. As such, this [c]ourt determined that no genuine issues of material fact existed, and that [Montgomery] was not entitled to a hearing. Therefore, this issue is without merit and should be dismissed.

PCRA Court Opinion, 1/10/23, at 6.

Initially, we note that the PCRA court's analysis is not explicitly an analysis of the newly-discovered evidence exception to the PCRA's time bar. *See Robinson*, 185 A.3d at 1061 (noting that "a merits analysis is permissible only upon a finding of jurisdiction"). Rather, the PCRA court explicitly denied Montgomery's petition based on the lack of any merit in his underlying claim of after-discovered evidence. In this regard, we note that

there is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary. To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

*Commonwealth v. McCready*, 295 A.3d 292, 298 (Pa. Super. 2023) (citation and brackets omitted).

Because the PCRA court engaged in a merits analysis, it is obvious the PCRA court found that Montgomery had established jurisdiction pursuant to

the newly-discovered evidence exception to the PCRA's time bar.[2] Therefore, Montgomery still had to plead sufficient facts to establish a *prima facie* case that he was entitled to a new trial. To do that, he was required to demonstrate that the evidence: (1) could not have been obtained previously through the exercise of due diligence; (2) is not cumulative or simply corroborative; (3) is not purely impeachment evidence; and (4) creates a likelihood of a different verdict if a new trial is granted. **See Commonwealth v. Small**, 189 A.3d 961, 972 (Pa. 2018) (citation omitted). A failure to establish any of these circumstances is grounds for denying relief on the claim. **See id.**

Under this substantive analysis, we agree with the PCRA court's analysis that Montgomery failed to establish that his proffered evidence would likely lead to a different result if a new trial were granted. It is undisputed that Tranquilli was the Assistant District Attorney at Montgomery's trial in 2002. Further, there is no question that Tranquilli resigned his judicial office on November 19, 2020, based upon the filing of six counts of judicial misconduct presented by the Pennsylvania Judicial Conduct Board. **See** PCRA Petition,

---

[2] Although the PCRA court did not explicitly state that Montgomery met the timeliness exception under Subsection 9545(b)(1)(ii), we observe that the court engaged in a merits analysis. It is undisputed that we could remand this matter to the PCRA court with a directive to explicitly state its implicit finding that Montgomery met the PCRA timeliness exception requirements. Upon thorough review of the record, however, we are persuaded that Montgomery satisfied the requirements to meet the timeliness exception, and the PCRA court, in addressing the merits of Montgomery's claim, agreed. Having discerned no error in the PCRA court's acceptance of jurisdiction, we will likewise address the merits of the issues presented.

11/16/21, at 4. However, our review of the record reflects Montgomery offered no meaningful support to establish that instances of Tranquilli's alleged racial bias as a judge had any impact or effect upon Montgomery's trial, where Tranquilli served as the prosecutor nearly two decades before his judicial resignation.

Put simply, the link between Tranquilli's comments in 2015, 2018, and 2020 and his actions as the prosecutor in Montgomery's 2002 trial is not self-evident. While those comments may raise questions as to Tranquilli's character, they do not allow for more than mere supposition as to any concrete actions he may have taken in 2002. And Montgomery's petition provides no other reason to draw such a connection, other than boilerplate accusations that Tranquilli inappropriately used peremptory strikes against African Americans during jury selection.[3] As such, Montgomery did not show that the evidence of Tranquilli's judicial misconduct years after Montgomery's jury trial and conviction is of such a nature and character that a different verdict will likely result if a new trial is granted. Consequently, Montgomery was not entitled to a hearing on the merits of his after-discovered evidence claim.

Second, Montgomery argues that the PCRA court erred in questioning whether facts of Tranquilli's racial bias were unknown and could not have been known through the exercise of due diligence was irrelevant. **See** Appellant's

_____

[3] Montgomery did not identify any witnesses he would present if a hearing would have been granted. **See** PCRA petition, 11/10/2021, at 7.

Brief at 11. The PCRA is clear that if a petitioner asserts one of the exceptions under to 42 Pa.C.S.A. § 9545(b)(1), he must also exercise due diligence and file his petition within one year of the date that the exception could be asserted. *See* 42 Pa.C.S.A. § 9545(b)(2).

The PCRA court aptly noted that it "determined the new facts set forth in [Montgomery's] PCRA Petition lacked merit. Thus, whether these facts were unknown to [Montgomery] and could not have been known to him through due diligence is irrelevant." PCRA Court Opinion,1/10/23, at 7. We agree under these circumstances because, as discussed previously, the PCRA court's conclusion was not based on a finding that Montgomery had not been diligent, but rather that he failed to establish a *prima facie* case for a new trial.[4] Accordingly, Montgomery's second claim on appeal merits no relief.

Third, Montgomery argues that the PCRA court erred in failing to grant him a new trial based upon alleged ineffective assistance of his trial and PCRA counsel. *See* Appellant's Brief at 12-14. Essentially, Montgomery claims that prior counsel were ineffective for failing to challenge alleged improper remarks made by Tranquilli during closing arguments and at various times throughout the trial. *See id*. at 12.

---

[4] We do not fault Montgomery for raising this issue on appeal, as neither the PCRA court's Rule 907 notice nor its order denying relief identify the grounds for its decision.

We observe that under limited circumstances, a petitioner may plead the previously unknown facts exception based upon PCRA counsel's ineffective assistance. **See Commonwealth v. Peterson**, 192 A.3d 1123, 1130 (Pa. 2018) (holding that PCRA counsel's ineffectiveness may constitute a newly-discovered fact for purposes of Subsection 9545(b)(1)(ii)'s timeliness exception "where PCRA counsel's ineffectiveness *per se* completely forecloses review of collateral claims"). Here, Montgomery concedes that his prior PCRA counsel raised this issue in Montgomery's first PCRA petition. **See** PCRA petition, 11/10/2021, at 4; **see also** Amended PCRA petition, 9/4/2007, at ¶ 10(c). And the record reveals that the PCRA court addressed this issue on the merits. **See** PCRA Court Opinion, 9/25/2008, at 4-5. As such, Montgomery cannot establish that PCRA counsel's actions completely foreclosed review of these claims. He is therefore due no relief on his third claim on appeal.

In his fourth issue, Montgomery revisits the newly discovered facts exception with an allegation that "prosecutorial misconduct [claims] against [Tranquilli for inappropriate comments made at trial] in [Montgomery's] original PCRA [petition] dated September 26, 2006 are synonymous with his present PCRA." Appellant's Brief at 15. Montgomery goes on to assert "that the facts upon which his claims are predicated did not become available until [Tranquilli] conceded to the six (6) counts of judicial misconduct." **Id**. at 16.

Here, once again, Montgomery has failed to establish any connection between the newly discovered facts arising from Tranquilli's conduct in 2015,

2018, and 2020, and the allegedly improper statements made by Tranquilli during Montgomery's trial. Moreover, Montgomery has admitted that claims of Tranquilli's prosecutorial misconduct were raised in his first PCRA proceeding. Under these circumstances, we agree with the PCRA court that Montgomery has entirely failed to establish his newly-discovered evidence could afford him any relief. Montgomery's fourth claim on appeal merits no relief.

Montgomery next argues that the PCRA court erred in dismissing his objections to the court's Pa.R.Crim.P. 907 notice of intent to dismiss without a hearing. **See** Appellant's Brief at 21-23. He baldly claims that his "claims are of arguable merit and entitle[] him to relief." **Id**. at 21.

As noted previously, a PCRA hearing is not a matter of right, and the PCRA court may decline to hold a hearing if there is no genuine issue concerning any material fact and the defendant is not entitled to relief as a matter of law. **See Commonwealth v. Morrison**, 878 A.2d 102, 109 (Pa. Super. 2005); Pa.R.Crim.P. 907(2).

Here, we have already determined that the record belies Montgomery's claim he is entitled to relief. Consequently, the PCRA court did not commit any error in denying relief pursuant to Montgomery's petition.

In his final issue identified in his brief, Montgomery claims the PCRA court erred in not appointing him counsel to pursue this petition. However, Montgomery fails to present any argument in support of this issue. He has

therefore waived this issue. *See Commonwealth v. Thoeun Tha*, 64 A.3d 704, 713 (Pa. Super. 2013).

Since none of Montgomery's claims on appeal merit relief, we affirm the order denying him PCRA relief.

Order affirmed.

President Judge Emeritus Stevens joins the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 11/6/2023