J-S28014-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSEPH HOWELL | : | |
| | : | |
| Appellant | : | No. 1094 WDA 2022 |

Appeal from the PCRA Order Entered August 16, 2022
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0011830-2002

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSEPH HOWELL, JR. | : | |
| | : | |
| Appellant | : | No. 1095 WDA 2022 |

Appeal from the PCRA Order Entered August 16, 2022
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0013879-2002

BEFORE:   PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.:          **FILED:  November 22, 2023**

Joseph Howell appeals from the order dismissing his third, *pro se* petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. The PCRA court found that Howell's petition was untimely and

_____

[*] Former Justice specially assigned to the Superior Court.

failed to meet one of the enumerated exceptions to timeliness provided by the PCRA. After careful review, we affirm.

In 2004, Howell was found guilty of second-degree murder, robbery, unlawful restraint, and criminal conspiracy. Howell was sentenced to life in prison on the second-degree murder charge. On direct appeal, this Court affirmed Howell's judgment of sentence. *See Commonwealth v. Howell*, 686 WDA 2004 (Pa. Super. filed June 29, 2005) (unpublished memorandum).

Howell filed a first, timely PCRA petition on February 15, 2006, claiming various instances of ineffective assistance of counsel. On appeal, this Court remanded for resentencing to allow the sentence imposed for robbery to merge with the life sentence for second-degree murder. *See Commonwealth v. Howell*, 1791 WDA 2006 (Pa. Super. filed August 28, 2007) (unpublished memorandum).

Howell filed a second PCRA petition on April 30, 2012, and raised claims of trial counsel and PCRA counsel's ineffectiveness. The PCRA court dismissed the petition as untimely. This Court affirmed. *See Commonwealth v. Howell*, 1105 WDA 2012 (Pa. Super. filed August 23, 2013) (unpublished memorandum).

Howell filed the instant PCRA petition on June 21, 2022.[1] In his *pro se* petition, Howell claimed that trial counsel was ineffective as he also served as

_____

[1] The certified record does not contain a time-stamped copy of Howell's petition; the only copy in the record is appended to the PCRA court's Rule 907 *(Footnote Continued Next Page)*

a co-defendant's plea counsel, allegedly resulting in an unconstitutional conflict of interest. *See* PCRA Petition, 6/21/22, at 4. The PCRA court entered an order dismissing Howell's petition without a hearing on August 16, 2022. This timely appeal followed.[2]

When we review an order dismissing a PCRA petition we determine whether the decision is supported by the record and free of legal error. *See* *Commonwealth v. Jarosz,* 152 A.3d 344, 350 (Pa. Super. 2016). Here, the PCRA court determined it lacked jurisdiction to consider Howell's petition because the petition was untimely and failed to prove an exception to the timeliness provision of the PCRA. *See* Order, 8/16/22.

A PCRA petition must be filed within the one-year period immediately following the date on which the judgment of sentence becomes final. *See* *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). This time-bar implicates our jurisdiction, and we may not ignore it to assess the merits of a petition. *See id*. A judgment of sentence becomes final when the direct review is complete or the time for seeking direct review expires. *See id*.

_____

notice. However, the PCRA court's docket indicates that Howell's petition was filed on June 21, 2022, and the Commonwealth does not dispute the filing date. *See* Appellee's Brief, at 5. Nor has the Commonwealth objected to the accuracy of the copy appended to the PCRA court's Rule 907 notice.

[2] Howell filed two separate notices of appeal to this Court for each of his trial court dockets. Each of Howell's notices of appeal contained both lower court docket numbers, implicating *Commonwealth v. Walker*, 185 A.3d 969, 977 (Pa. 2018). Pa.R.A.P. 902(b) provides that such a deficiency in a notice of appeal does not affect the validity of the appeal.

- 3 -

Our review of the record reflects that Howell's judgment of sentence was imposed on March 24, 2004. This Court affirmed the judgment of sentence on June 29, 2005, and Howell's petition for allowance of appeal to the Supreme Court of Pennsylvania was denied on December 5, 2005. Howell's judgment of sentence became final on March 6, 2006, after the time to file a writ of certiorari to the United States Supreme Court expired. *See Commonwealth v. Fantauzzi*, 275 A.3d 986, 995 (Pa. Super. 2022). The instant PCRA petition, filed on June 21, 2022, is patently untimely.

Nevertheless, a petitioner may overcome the time-bar when they allege in their petition and prove one of three exceptions. *See Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). These exceptions include: that the claim was not raised previously due to interference by government officials; that the petitioner previously did not know, and could not have known, through due diligence, the facts of the claim earlier; and that the petitioner is asserting a right which has been recognized since the judgment of sentence became final and has been held to apply retroactively. *See* 42 Pa.C.S.A. § 9545 (b)(1)(i)-(iii).

Howell attempts to invoke the newly discovered fact exception at 42 Pa.C.S.A. § 9545(b)(1)(ii) and the newly recognized right exception at 42 Pa.C.S.A. § 9545(b)(1)(iii). *See* PCRA Petition, 6/21/22, at 3. Howell claims that he received dockets which revealed to him that his trial counsel also represented his co-defendant during his own plea proceedings, amounting to a newly discovered fact. *See id*. Howell claims that *Martinez v. Ryan,* 566

U.S. 1 (2012) newly recognized effective assistance of counsel as a constitutional right. *See* PCRA Petition, 6/21/22, at 3.

On appeal, Howell narrows his argument to the newly discovered fact exception. *See* Appellant's Brief at 4. This exception requires Howell to show that he did not know the facts in question and could not have known them earlier by exercising due diligence. *See Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015). To prove due diligence, Howell must explain why he could not have learned the facts earlier and show the reasonable steps he took to discover facts that could result in relief. *See Commonwealth v. Shiloh*, 170 A.3d 553, 558 (Pa. Super. 2017). Additionally, the statute requires Howell to have presented the claim within one year of the date the facts could have been discovered. *See* 42 Pa.C.S.A. § 9545(b)(2).

Howell asserts that his sister accessed his co-defendant's docket sheets on May 16, 2022, discovering that Howell and his co-defendant were both represented by Attorney Lisa Middleman of the Allegheny County Public Defender's Office. *See* Appellant's Brief at 9. Howell claims this information was unknown to him prior to his sister's discovery and he was unable to know it before this time because of his lack of access to the internet. *See id*. Howell claims that he promptly filed the instant PCRA petition upon discovery of these facts. *See id*. Howell has however failed to explain any reasonable steps he took to discover this fact sooner as required to prove due diligence. Howell's trial was in 2004, his direct appeal in 2005 and his first, counseled, PCRA petition was filed in 2006. Howell has not shown how he could not have

learned of the alleged conflict of interest during this time. Therefore, Howell has failed to meet the exception to the PCRA's time-bar.

Even if Howell did successfully plead and prove the newly discovered fact exception, he would still not be due relief. In order to be entitled to a hearing on the substance of his PCRA claim, Howell was required to plead sufficient facts to establish the existence of a dispute of material fact. **See Commonwealth v. McCready**, 295 A.3d 292, 298 (Pa. Super. 2023). Howell asserts that he is entitled to substantive relief under the PCRA because Attorney Middleman suffered from a conflict of interest at trial. Specifically, Howell contends that Attorney Middleman "had a clear conflict of interest in representing testifying co-defendant [Burnham] in plea negotiations while representing petitioner [Howell] at trial." PCRA Petition, 6/21/2022, at 8-B.

In support of this claim, Howell presented a trial court docket sheet for **Commonwealth v. Donald Burnham**, CP-02-CR-0013924-2002. And that docket sheet indicates that Attorney Middleman, as well as another attorney, Eric A. Fisher, Esquire, were counsel of record for Burnham. Finally, the docket sheet indicates that Burnham pled guilty to robbery and criminal conspiracy on April 5, 2004. Since Attorney Middleman represented Howell at his trial and sentencing in January and March 2004, respectively, Howell has pleaded at least a prima facie case that Attorney Middleman represented both Howell and Burnham during relevant times of this case.

However, Howell cannot prevail on this claim absent a showing of actual prejudice. **See Commonwealth v. Collins**, 957 A.2d 237, 251 (Pa. 2008).

We may presume actual prejudice where counsel was burdened by an actual, as opposed to a mere potential, conflict of interest. *See id*. To demonstrate an actual conflict of interest, Howell was required to plead facts capable of establishing that: (1) Attorney Middleman actively represented conflicting interests; and (2) those conflicting interests adversely affected Attorney Middleman's performance. *See id*.

Here, we note that Howell's and Burnham's trials in this matter were severed due to their antagonistic defenses. *See* N.T., 10/22/2003, at 14. Accordingly, Howell pleaded sufficient facts to support a prima facie case that Attorney Middleman actively represented conflicting interests.[3] However, Howell entirely failed to plead any indication of how those conflicting interests adversely affected Attorney Middleman's performance.

Even an independent review of the record in a light most favorable to Howell fails to help Howell in this regard. The record demonstrates that contrary to Howell's averments, Burnham did not testify at Howell's trial. *See* N.T., 1/21-22/2004, at 2. As a result, there is no self-evident instance where Attorney Middleman's alleged conflict of interest would have impacted her decision-making. Under these circumstances, even if Howell overcame the time-bar he was not entitled to a hearing on his ineffective assistance of counsel claim predicated on Attorney Middleman's alleged conflict of interest.

---

[3] To be clear, we are not concluding that Attorney Middleman actually suffered from a conflict of interest, merely that Howell pleaded sufficient facts to create a triable issue of material fact based on the record currently before us.

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

DATE:  11/22/2023