J-S37005-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARMEN CRIPPEN | : | |
| | : | |
| Appellant | : | No. 2062 EDA 2022 |

Appeal from the PCRA Order Entered August 5, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at CP-51-CR-0003651-2018,
CP-51-CR-0003652-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARMEN CRIPPEN | : | |
| | : | |
| Appellant | : | No. 2063 EDA 2022 |

Appeal from the PCRA Order Entered August 5, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at CP-51-CR-0003651-2018,
CP-51-CR-0003652-2018

BEFORE:  BENDER, P.J.E., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY BENDER, P.J.E.:　　　　　**FILED FEBRUARY 15, 2024**

Carmen Crippen (Appellant) appeals from the order denying her first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546.  We affirm.

In May 2018, the Commonwealth charged Appellant, at two dockets, with a total of ten crimes involving two victims (Complainants).  At each

docket, the Commonwealth charged Appellant with one count of aggravated assault, possession of an instrument of crime, simple assault, recklessly endangering another person, and conspiracy. The PCRA court recited the following facts:

On April 30, 2018, Appellant was facing eviction with a 10:00 A.M. deadline when she arrived at 5732 Cedar Avenue, where she had been a squatter since the death of Maryanna Crippen, a relative, who had owned the property. N.T.[,] 7/17/19[,] at 73, 120. Complainant, Rosemary Crippen, age 61, was the administrator of Maryanna's estate. *Id.* at 16. Rosemary, and her brother Herbert Crippen, also in his early 60's, had been at the property along with Sheriffs to secure the property in preparation for sale. *Id.* at 16-17, 28, 55-56. When Appellant arrived at the location, a verbal and pushing confrontation erupted with Herbert, prompting Appellant to return to her car and phone her teenage daughter. *Id.* at 19-20, 112-113. Upon the arrival of Appellant's daughter and the daughter's boyfriend, along with Appellant, the elderly Complainants were physically assaulted, including [with] the use of a bottle. *Id.* at 22-26, 32-36, 44, 55-59.

Police arrived during the melee, describing it as follows[]:

… it was a chaotic scene when I first got there. There w[ere] three people fighting over a broken bottle, and two more juveniles off to the left both screaming at the other three. The bottle was being held by [Appellant].

[*Id.* at 84.]

Police observed that the broken bottle had blood on it, and that Rosemary "was bleeding pretty badly from her head." *Id.* at 85. Both Complainants were transported to Presbyterian Hospital for medical care. *Id.* at 32. Appellant and her young cohorts were arrested. *Id.* at 27, 85, 88.

Complainant Rosemary, who had been hit on the head and gouged with the broken bottle, was treated and released the same

- 2 -

day from Presbyterian Hospital. *Id.* at 30. Complainant Herbert, however, was hospitalized for five days with concerns for his heart condition and required surgery to implant a steel pin to repair facial fractures near his eye. *Id.* at 62, 64. Herbert had been hit in the face with a hard object, possibly a doorknob, and was also cut with the bottle. *Id.* at 44, 59, 60.

Appellant, who admit[ted] to holding the broken bottle upon police arrival, claim[ed] to also have been injured during the melee with a concussion and broken teeth. *Id.* at 116, 118, 129. She was treated at Mercy Hospital. *Id.* at 132-133. Moreover, Appellant claim[ed] to have acted in defense of her daughter; and alternatively, that the juveniles were responsible for the assault. *Id.* at 135. Notably, it was Appellant who summoned her daughter to the already tense environment. *Id.* at 117,121-125.

PCRA Court Opinion (PCO), 11/3/22, at 2-4 (footnote omitted).

The trial court convicted Appellant of the charged crimes on July 17, 2019. On October 30, 2019, the trial court sentenced Appellant to an aggregate 11½ to 23 months of incarceration, followed by eight years of probation. Appellant did not appeal.

On December 9, 2019, Appellant *pro se* filed the underlying PCRA petition.[1] The PCRA court appointed counsel, who filed an amended petition on September 21, 2020, alleging that trial counsel was ineffective for failing

_____

[1] The record indicates Appellant's "surrender date" was December 13, 2019, and the trial court granted Appellant's motion for parole on December 9, 2020. Although Appellant has completed her 11½ to 23 months of incarceration and parole, she is eligible for PCRA relief because she is on probation. The PCRA "conditions the availability of post-conviction relief on whether the petitioner is currently serving a sentence of imprisonment, probation, or parole[.]" *Commonwealth v. Turner*, 80 A.3d 754, 757 (Pa. 2013) (citing 42 Pa.C.S. § 9543(a)(1)(i)).

- 3 -

to call Michelle Void-Gray as a witness. The Commonwealth filed a motion to dismiss the petition in which it asserted, *inter alia*, that Appellant failed to "produce a signed certification from its witness as required by the PCRA." **Id.** at 1. Thereafter,

> [PCRA] counsel filed a Supplemental Amended Petition on July 20, 2021, stating that an investigator had been hired to locate potential witnesses but had not yet succeeded. On December 16, 2021, [PCRA c]ounsel filed another Supplemental Amended petition, alleging that [trial] counsel was ineffective for failing to call a new witness, Mary Hadley. On July 12, 2022, [PCRA c]ounsel filed another Supplemental Amended PCRA petition to remedy the potential deficiencies in the prior witness certifications.

**Id.** at 1-2.

On July 15, 2022, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. The PCRA court dismissed the petition on August 5, 2022. Appellant timely appealed.[2] Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant presents the following issue for review:

1. Did the PCRA court err, abuse its discretion, and/or make a mistake and/or error of law when it denied Appellant's Post-Conviction Relief Act petition seeking relief, without an

---

[2] Appellant filed notices of appeal at each docket which listed both dockets' numbers. In **Commonwealth v. Walker** 185 A.3d 969 (Pa. 2018), the Pennsylvania Supreme Court held that an appellant must file separate notices of appeal when a single order resolves issues on more than one docket. This Court subsequently determined the "fact that the notices contain[ more than one] lower court number[] is of no consequence." **Commonwealth v. Johnson**, 236 A.3d 1141, 1148 (Pa. Super. 2020) (*en banc*). On August 31, 2022, this Court consolidated the appeals *sua sponte*.

> evidentiary hearing on the merits of the PCRA, when … Appellant claimed trial counsel was ineffective, both for each individual act/omission and aggregately, pursuant to ***Strickland v. Washington***, [466 U.S. 668 (1984)[3],] and its progeny, for not obtaining statements, investigating, and/or calling to testify at pre-trial and/or at trial, witnesses Mary Hadley and Michelle Freeman-Grey, who would have provided testimony directly contradicting the Commonwealth's witnesses, namely the Complainants were the initial aggressors, [Appellant] wrestled a bottle away from one of the Complainants, [who] made threats of harm to Appellant's child.

Appellant's Brief at 2 (footnote omitted).

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its decision is free of legal error. ***Commonwealth v. Brown***, 196 A.3d 130, 150 (Pa. 2018). It is well-settled that there "is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." ***Commonwealth v. Maddrey***, 205 A.3d 323, 328 (Pa. Super. 2019) (citation omitted). The PCRA court has discretion to decide whether to hold a hearing, and its decision will not be overturned absent an abuse of that discretion. ***Commonwealth v. Mason***, 130 A.3d 601, 617 (Pa. 2015).

_____

[3] "***Strickland*** requires the petitioner to prove that trial counsel's failure to make a reasonable effort to present the witnesses was not the result of any strategy, and counsel's ineffectiveness prejudiced the defendant. To demonstrate ***Strickland***'s prejudice, a petitioner must show how the uncalled witnesses' testimony would have been beneficial under the circumstances of the case." PCO at 5 (citations omitted).

Appellant alleges ineffective assistance of trial counsel (IAC). To obtain relief on an IAC claim,

> a petitioner must establish: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.

***Commonwealth v. Reed***, 971 A.2d 1216, 1221 (Pa. 2005) (citing ***Commonwealth v. Pierce***, 527 A.2d 973, 975 (Pa. 1987)).

We presume counsel was effective; thus, a petitioner must plead and prove each of the factors by a preponderance of the evidence. ***Commonwealth v. Rathfon***, 899 A.2d 365, 369 (Pa. Super. 2006). "Failure to prove any prong of this test will defeat an ineffectiveness claim." ***Commonwealth v. Fears***, 86 A.3d 795, 804 (Pa. 2014).

Appellant claims trial counsel "acted ineffectively by failing to call to testify either Mary Hadley and/or Michelle Freeman-Grey." Appellant's Brief at 7. Counsel's failure to call a particular witness to testify does not constitute ineffectiveness *per se*. ***Commonwealth v. Cox***, 983 A.2d 666, 693 (Pa. 2009). "In establishing whether defense counsel was ineffective for failing to call witnesses, a defendant must prove the witnesses existed, the witnesses were ready and willing to testify, and the absence of the witnesses' testimony prejudiced petitioner and denied him a fair trial." ***Id.*** at 693.

According to Appellant, the two "witnesses existed, were available to testify, [were] known to [trial c]ounsel, … were willing to testify on … Appellant's behalf, and the absence of testimony greatly prejudiced … Appellant." Appellant's Brief at 7. She argues:

> Counsel was ineffective … for not obtaining statements, **investigating**, **and/or calling to testify** at pre-trial and/or at trial, witnesses Mary Hadley and Michelle Freeman-Grey, who would have provided testimony directly contradicting the Commonwealth's witnesses….
>
> ***
>
> Each witness would testify she observed the complaining witnesses initiate the physical altercation with … Appellant. Namely, Complainant Herbert picked up a bottle and struck Appellant with it. These witnesses will also testify about how the complainants were the initial and continued aggressors and these individuals threatened to further harm … Appellant's child.

Appellant's Brief at 14 (emphasis added).

Appellant claims trial counsel was ineffective for failing to both investigate and present the two witnesses' testimony. We recently explained:

> [T]o demonstrate the **failure to investigate** a potential witness, the defendant satisfies the reasonable basis and arguable merit prongs of the ineffectiveness test by pleading and proving that counsel did not investigate and interview a known witness. *Commonwealth v. Stewart*, 84 A.3d 701, 712 (Pa. Super. 2013). As for the prejudice prong, the defendant must demonstrate that, but for counsel's error, the outcome of the proceeding would have been different. *Id.*
>
> On the other hand, to demonstrate counsel's ineffectiveness in his **failure to present witness testimony**, there are two components, one procedural and one substantive. First, a defendant must attach to his PCRA petition "a signed certification as to each intended witness stating the witness's name, address, date of birth and

- 7 -

substance of testimony." 42 Pa.C.S.A. § 9545(d)(1); Pa.R.Crim.P. 902(A)(15); *see also Commonwealth v. Reid*, 627 Pa. 78, 99 A.3d 427, 438 (2014). Second, a defendant must establish that: "(1) the witness existed; (2) the witness was available; (3) counsel was informed or should have known of the existence of the witness; (4) the witness was prepared to cooperate and would have testified on defendant's behalf; (5) the absence of such testimony prejudiced him and denied him a fair trial." *Reid*, *supra*.

*Commonwealth v. McCready*, 295 A.3d 292, 299 (Pa. Super. 2023) (emphasis in original).

Both the Commonwealth and PCRA court contend that Appellant failed to properly plead and prove her IAC claim regarding counsel's investigation and presentation of the two witnesses. The PCRA provides:

(i)     Where a petitioner requests an evidentiary hearing, the petition shall include a certification signed by each intended witness stating the witness's name, address, date of birth and substance of testimony and shall include any documents material to that witness's testimony.

(ii)    If a petitioner is unable to obtain the signature of a witness under subparagraph (i), the petitioner shall include a certification, signed by the petitioner or counsel, stating the witness's name, address, date of birth and substance of testimony. In lieu of including the witness's name and address in the certification under this subparagraph, counsel may provide the witness's name and address directly to the Commonwealth. The certification under this subparagraph shall include any documents material to the witness's testimony and specify the basis of the petitioner's information regarding the witness and the petitioner's efforts to obtain the witness's signature. Nothing in this subparagraph shall be construed to contravene any applicable attorney-client privilege between the petitioner and postconviction counsel.

> (iii)     Failure to substantially comply with the requirements of this paragraph shall render the proposed witness's testimony inadmissible.

42 Pa.C.S. § 9545(d)(1).

Instantly, our review reveals that Appellant's certifications as to both witnesses are nearly identical, and fail to comply with Section 9545(d)(1). The Commonwealth correctly describes the certifications as "boilerplate" and lacking "any details or proof to support the vague information it contained." Commonwealth Brief at 10. The Commonwealth states:

> While the[ certifications] included the purported eyewitnesses' names, addresses, and birth dates, they utterly failed to describe the substance of their testimony, much less explain how it would have been helpful to [Appellant] or likely changed the result of trial. In fact, both submissions use the same rote language for each witness. The certifications also lack an explanation of what efforts [Appellant] made to obtain a signed certification from either putative witness, and they did not explain how defendant knew about these witnesses and what they would have testified to.

*Id.*

Similarly, the PCRA court explained:

> Here, Appellant's PCRA counsel submitted boilerplate, woefully inadequate certifications as to two proposed witnesses, Michelle Freeman-Grey and Mary Hadley. The certifications did not contain the type of information and specificity that would trigger the [PCRA c]ourt to grant an evidentiary hearing. In particular, the certifications were lacking as to the basis for Appellant's information regarding each of the witnesses, and efforts to obtain their signatures.
>
> Particularly troublesome is the certification and proposed testimony of Michelle Freeman-Grey, assuming she is the "Aunt Michelle" Appellant testified about at trial. "Aunt Michelle" was not available to testify at trial as she had suffered a stroke and

was in a nursing home. The certification presented no insight into the witness's current medical situation and specific availability to testify. Clearly, trial counsel cannot be deemed ineffective for failing to call a witness who was medically impaired and unavailable at the time of trial.

Appellant's lack of certification specificity regarding Mary Hadley stands out. … Appellant's trial testimony makes no mention of Mary Hadley. While Appellant's trial testimony places "Aunt Michelle" at the scene, there is no mention of Ms. Hadley. The boilerplate, undersigned certification provides no insight into Mary Hadley, her presence at the scene, and purported ability to observe the incident.

PCO at 6-7 (citations omitted).

Our review confirms the above deficiencies. Further, in the absence of these deficiencies, we would affirm the denial of relief based on Appellant's failure to demonstrate prejudice. As the PCRA court observed:

Appellant presented an either/or defense: Either Appellant was acting in defense of her daughter; or the teenage daughter and her boyfriend were responsible for the assault. N.T.[,] 7/17/99[,] at 35. What is clear, even according to Appellant's own testimony, is that she initiated the assault on the elderly [Complainants] by calling the teenagers to the scene after her confrontation with Complainant Herbert. *Id.* at 113, 123. Immediately upon the teenagers' arrival, the physical assault on the elders ensued, escalating with the use of weapons (a broken bottle and presumably, a doorknob). The Complainants were severely injured, particularly Herbert who has a steel pin implanted near his eye as a result of the assault. Under the totality of the circumstances, Appellant's boilerplate representation as to the significance of the purported witness testimonies was not convincing to satisfy the prejudice requirements.

PCO at 7. The PCRA court did not err or abuse its discretion. Accordingly, we affirm the denial of post-conviction relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/15/2024