J-S05029-23

2023 PA Super 86

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PHILIP REID MCCREADY | : | |
| | : | |
| Appellant | : | No. 447 WDA 2022 |

Appeal from the PCRA Order Entered August 10, 2018
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0001616-2013

BEFORE:  BENDER, P.J.E., LAZARUS, J., and McLAUGHLIN, J.

OPINION BY LAZARUS, J.:                     **FILED:  May 17, 2023**

Philip Reid McCready appeals from the order, entered in the Court of Common Pleas of Blair County, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After review, we affirm.

McCready was convicted of various charges arising from his repeated sexual abuse of his niece, S.L.H.  This Court previously adopted the following factual history:

> S.L.H., who was 11 at [the time of] trial in January 2014, testified that in the summers of 2009 and 2010[, McCready], who was approximately [thirty years old], stuck his penis in her bottom and made her hold his penis.  She also said he put his penis in her bottom and in her vagina a little bit, and that he stuck his penis in her mouth and peed a little in her mouth, which felt really nasty and gross.  S.L.H. testified further that [McCready] trapped her in the bedroom and physically restrained her from leaving.  The jury found this testimony credible and convicted [McCready] of all charges levied against him.[4]

_____

⁴ A forensic interview of S.L.H. was conducted at the Children's Resource Center of Pinnacle Health in Harrisburg, Pennsylvania. A video recording of the interview was admitted into evidence and played for the jury during the trial.

*Commonwealth v. McCready*, 1445 WDA 2015, *2 (Pa. Super. filed Oct. 20, 2015) (unpublished memorandum decision), quoting Trial Court Opinion, 9/24/14, at 2.

S.L.H. told police that these "bad things" happened a total of ten times over the summers of 2009 and 2010 at her grandparents' home. N.T. Jury Trial, 1/22/14, at 73, 92. Her grandparents lived two blocks away from S.L.H. *Id.* at 58. McCready would call S.L.H.'s mother and ask if S.L.H. would help clean out his car. *Id.* at 62 (S.L.H. stating, "I always volunteered [to clean McCready's car] because I was trying to be nice."); *id.*, 1/23/14, at 59 (S.L.H.'s mother testifying that during summer of 2009 and 2010, McCready would call her to schedule day outings with McCready's son and for either S.L.H. or S.L.H.'s sibling to help clean McCready's car). S.L.H. also testified that before she cleaned the car, she went into the kitchen and then followed McCready into the back bedroom or middle bedroom, which is where the abuse would occur. *Id.*, 1/22/14 at 63, 93-94. These incidents happened in the afternoon when neither grandparent was home. *Id.* at 78-79. S.L.H.'s parents learned about the abuse from her aunt and another uncle. *Id.* at 81-82.

Grandmother testified that McCready lived approximately 25 minutes away by car but would come to her house to do his laundry and mow the

neighbor's yard.[1]  *Id.*, 1/23/14, at 27-28; *id.* at 30 (Grandmother testifying she recalled occasions where she was not home or had left house when McCready and his wife did laundry).  She also testified that although either she or Grandfather was usually home while McCready assisted their neighbor, they generally did not lock their front door and she was unaware if there were times McCready came to her house without her knowledge.  *Id.* at 28-29.  Additionally, Grandmother testified that McCready rented a car at some point during the summers of 2009 and 2010.  *Id.* at 31.

On January 22, 2014, McCready proceeded to jury trial, where he was found guilty of various sexual offenses.[2]  On May 6, 2014, McCready was sentenced to an aggregate term of 25 to 50 years' incarceration and designated as a sexually violent predator (SVP).  McCready's judgement of sentence was affirmed by this Court on October 20, 2015.  *See McCready*, *supra*.  McCready did not seek allowance of appeal in the Pennsylvania Supreme Court.  *See* Pa.R.A.P. 1113(a).  Edward J. Ferguson, Esquire, served as trial and appellate counsel.

_____

[1] Grandparents' neighbor testified that he moved to the residence next to Grandparents in the winter of 2009, and that he had only seen McCready with McCready's own infant daughter.  N.T. Jury Trial, 1/23/14, at 43-44.

[2] McCready was convicted of rape of a child, 18 Pa.C.S.A. § 3121(c); incest, *id.* at § 4302; rape, *id.* at § 3121; involuntary deviate sexual intercourse of a person less than 13 years of age, *id.* at § 3123(b); false imprisonment, *id.* at § 2903; indecent assault, *id.* at § 3126; indecent assault of a person less than 13 years of age, *id.* at § 3126(a)(7); and corruption of minors.  *Id.* at § 6301.

On October 14, 2016, McCready filed a timely *pro se* PCRA petition, his first, alleging, *inter alia*,[3] ineffectiveness of trial counsel for failing to call five potential witnesses at trial.[4]  In his *pro se* petition, McCready contended that the trial court relied solely on S.L.H.'s testimony, but that McCready had numerous individuals—"a few close family members and friends or relatives"—who would have provided alibis and testified that S.L.H. was untrustworthy and that her recollection of the events could not have been accurate. McCready claims Attorney Ferguson decided not to call the witnesses because he believed their testimony was not relevant and could not be used to attack S.L.H.'s credibility.  Finally, McCready asserts that Attorney Ferguson's failure to call these witnesses was not a strategic decision and played a critical part in his conviction.  *Pro se* PCRA Petition, 10/11/16, at 7-8.

On October 18, 2016, the court appointed Paul Puskar, Esquire, as PCRA counsel.  On October 13, 2017, Attorney Puskar filed an amended petition incorporating McCready's claims and adding, *inter alia*, a claim that

---

[3] McCready also alleged that the trial court abused its discretion in preventing him from presenting evidence pertaining to another relative who was under investigation for sexual assault and/or intercourse with a minor and incest who had been in regular contact with the victim.  However, this claim was previously litigated as it had been raised on direct appeal.  **See McCready**, **supra** at \*10; **see also** N.T. Evidentiary Hearing, 3/6/18, at 13-14 (Attorney Puskar stating issue previously determined to be meritless by Superior Court).

[4] The five witnesses included Grandfather, S.M. (McCready's daughter), L.T. (McCready's friend), M.S. (McCready's niece), and A.S.  McCready attached signed certifications from each witness to his petition.  **See** 42 Pa.C.S.A. § 9545(d)(1)(i).

- 4 -

McCready's SVP designation was unconstitutional and should be vacated.[5] On March 6, 2018, the court held a hearing on McCready's PCRA petition, at which S.M. and Attorney Ferguson testified. Following the hearing, the court held the matter under advisement and, on August 8, 2018, dismissed the petition. McCready was not apprised of his right to appeal within 30 days of the dismissal of his petition. *See* Pa.R.A.P. 903(a).

On February 15, 2019, McCready filed a *pro se* motion for change of appointed PCRA counsel wherein McCready alleged that Attorney Puskar was ineffective for failing to call M.S. and A.S. to testify at the PCRA evidentiary hearing.[6] McCready claims that M.S. and A.S. have "firsthand and contemporaneous accounts of what actually took place during the period of time" he allegedly committed these crimes. Motion for Change of Appointed Counsel, 2/15/2019, at 2 (unpaginated).[7] On May 16, 2019, Attorney Puskar

---

[5] The PCRA court granted McCready relief on this claim, but it determined that McCready remains subject to lifetime registration as a Tier III sex offender. *See* Order, 8/8/18.

[6] McCready's *pro se* petition claims that Grandfather and L.T. testified at an October 23, 2017 evidentiary hearing. However, the notes of testimony from this purported hearing are not in the record, listed on the docket, or in the possession of the PCRA court or the prothonotary. When notes of testimony are cited by the parties, we have reason to believe that these records exist. *See Commonwealth v. Preston*, 904 A.2d 1, 7 (Pa. Super. 2006). However, the "responsibility rests on the appellant to ensure that the record certified on appeal is complete." *Commonwealth v. O'Black*, 897 A.2d 1234 (Pa. 2006).

[7] Attached to McCready's motion is a letter from Attorney Puskar to McCready on August 21, 2017. The letter requested contact information from S.M., L.T., M.S., and A.S. The letter also stated that Attorney Puskar attempted, but was
*(Footnote Continued Next Page)*

filed a motion in support of McCready's request for change of counsel, wherein he explained his failure to call M.S. and A.S. to testify. Brief in Support of Motion for Change of Appointed Counsel, 5/16/19, 1-2.[8]

On May 5, 2020, the PCRA court issued an order relieving Attorney Puskar of his representation and appointing Richard Corcoran, Esquire, as counsel for McCready. Attorney Corcoran filed an amended PCRA petition requesting that McCready's appellate rights be reinstated, *nunc pro tunc*, due to the PCRA court's failure to apprise McCready of his appeal rights.[9] McCready also requested a hearing to allow him to present additional evidence on the issue of whether Attorney Ferguson was ineffective for failing to

_____

unable, to contact Grandfather using the phone number McCready had supplied. Letter, 8/21/17.

[8] Attorney Puskar explained that,

> [a]t the hearing on March 6, 2018, two witnesses [McCready] claims were necessary to his case were unavailable. [I] had attempted, through [McCready's] mother[,] to have said witnesses present. However, both were out of town, enrolled in school[,] and could not attend. [McCready's m]other had insisted that they be provided with several dates certain and they would attempt to be present. It was explained to [McCready's m]other that it was not possible due to the [c]ourt's scheduling procedures. A prior hearing had been continued because the witnesses had told [McCready's m]other they would be present but failed to appear.

Brief in Support of Motion for Change of Appointed Counsel, 5/16/19, at 1-2.

[9] A review of the record shows that the PCRA court did not give McCready notice of his right to appeal at the end of the March 8, 2018 evidentiary hearing.

properly investigate and call witnesses. Amended PCRA Petition, 8/10/20, at 2-3 (unpaginated).

On March 16, 2022, the PCRA court reinstated McCready's rights to appeal, *nunc pro tunc*, from the August 8, 2018 order dismissing his PCRA petition. This timely, *nunc pro tunc*, appeal followed.[10] Both McCready and the PCRA court have complied with Pa.R.A.P. 1925. McCready raises one issue for our review: "Whether this matter should be remanded to the [PCRA] court for the purpose of developing the record on the issue of whether **original PCRA counsel**[, Attorney Puskar,] was ineffective for his failure to call certain witnesses at the time of the original hearing[.]" Appellant's Brief, at 4 (emphasis added).[11]

Our scope and standard of review of the denial of a PCRA petition are well-settled:

> [O]ur scope of review is limited by the parameters of the [PCRA]. Our standard of review permits us to consider only whether the PCRA court's determination is supported by the evidence of record

_____

[10] On July 20, 2022, Attorney Corcoran filed an application with this Court to withdraw McCready's appeal and remand the matter to the PCRA court. He claimed that pursuant to **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021), which was decided by our Supreme Court during the pendency of this appeal, the appropriate remedy to determine original PCRA counsel's ineffectiveness, if the record is not sufficiently developed, is remand of the matter. **See** Application to Withdraw and Remand, 7/20/22, at ¶ 6. This Court denied his request without prejudice to McCready's right to raise the issue in his appellate brief or again before the panel assigned to determine the merits of the appeal. **See** Order, 8/5/22.

[11] The Commonwealth declined to file a brief, but indicated that a remand for a new hearing is appropriate. **See** Letter, 12/27/22.

and whether it is free from legal error. Moreover, in general we may affirm the decision of the [PCRA] court if there is any basis on the record to support the [PCRA] court's action; this is so even if we rely on a different basis in our decision to affirm.

*Commonwealth v. Heilman*, 867 A.2d 542, 544 (Pa. Super. 2005) (quotations and citations omitted).

Preliminarily, we must address whether McCready is permitted to raise a claim challenging the effectiveness of original PCRA counsel for the first time on appeal. On August 20, 2022, the PCRA court filed a letter in lieu of an opinion, stating that it would not be filing an opinion, but rather would rely on its August 8, 2018 order and opinion, dismissing Smith's PCRA petition. The letter added that "the claims made in the Amended Petition for [PCRA r]elief in regard to after[-]discovered evidence are previously litigated, and [the] PCRA is otherwise time-barred, or claims waived." Letter, 8/20/22. We disagree.

The PCRA court's previous order and opinion does not address Attorney Puskar's alleged ineffectiveness, but rather discusses Attorney Ferguson's purported ineffectiveness and his decision not to call S.M., **one of the five** alleged alibi witnesses, as a witness at trial. We find that pursuant to *Bradley, supra*, McCready's claim is neither time-barred nor waived.[12]

In *Bradley*, the defendant appealed from the denial of a timely-filed PCRA petition and was represented on collateral appeal by new counsel, who

_____

[12] *Bradley* was published on October 20, 2021, between the date the PCRA court wrote its August 8, 2018 order and opinion and its August 20, 2022 letter to this Court.

raised a claim of prior PCRA counsel's ineffectiveness.  In concluding that the ineffectiveness claim was not waived, the Supreme Court determined that "a petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal."  ***Id.*** at 401.  Instantly, as in ***Bradley***, McCready raises an ineffective assistance of PCRA counsel claim on collateral appeal from the denial of a timely-filed PCRA petition.  As this is McCready's first opportunity to do so, his claim is permitted.

We now turn to whether McCready is entitled to an evidentiary hearing on his ineffective assistance of counsel claim.  In ***Bradley***, our Supreme Court determined that in some cases, "an appellate court may need to remand to the PCRA court for further development of the record and for the PCRA court to consider such claims as an initial matter."  ***Id.*** at 402.  However,

> [t]here is no absolute right to an evidentiary hearing on a [PCRA] petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary.  To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

***Commonwealth v. Maddrey***, 205 A.3d 323, 328 (Pa. Super. 2019); ***see Commonwealth v. Bennett***, 462 A.2d 772, 773 (Pa. Super. 1983) ("[U]nless the PC[R]A court is certain of the *total lack of merit* of an issue raised in a PC[R]A petition, a hearing should be held on the issue.") (citation omitted, emphasis in original).  ***See also Commonwealth v. Johnson***, 966

- 9 -

A.2d 523 (Pa. 2009) (evidentiary hearings held for purpose of credibility determinations; issue of material fact can be decided on pleadings/affidavits alone).

Further, in addressing a petitioner's layered claim of ineffectiveness, we presume counsel is effective and determine whether the petitioner rebutted that presumption by establishing: "[(1)] the underlying claim of ineffectiveness has arguable merit[; (2)] counsel's act or omission was not reasonably designed to advance the interest of the [petitioner; and (3) the petitioner] was prejudiced—that is, but for counsel's errors, the outcome of the proceeding would have been different." **Bradley**, **supra** at 390 (citations omitted). Additionally, "[i]n determining a layered claim of ineffectiveness, the critical inquiry is whether the **first attorney** that the [petitioner] asserts was ineffective did, in fact, render ineffective assistance of counsel." **Commonwealth v. Burkett**, 5 A.3d 1260, 1270 (Pa. Super. 2010) (emphasis added).

Moreover, to demonstrate the **failure to investigate** a potential witness, the defendant satisfies the reasonable basis and arguable merit prongs of the ineffectiveness test by pleading and proving that counsel did not investigate and interview a known witness. **Commonwealth v. Stewart**, 84 A.3d 701, 712 (Pa. Super. 2013). As for the prejudice prong, the defendant must demonstrate that, but for counsel's error, the outcome of the proceeding would have been different. **Id.**

On the other hand, to demonstrate counsel's ineffectiveness in his **failure to present witness testimony**, there are two components, one procedural and one substantive. First, a defendant must attach to his PCRA petition "a signed certification as to each intended witness stating the witness's name, address, date of birth and substance of testimony." 42 Pa.C.S.A. § 9545(d)(1); Pa.R.Crim.P. 902(A)(15); *see also Commonwealth v. Reid*, 99 A.3d 427, 438 (Pa. 2014). Second, a defendant must establish that: "(1) the witness existed; (2) the witness was available; (3) counsel was informed or should have known of the existence of the witness; (4) the witness was prepared to cooperate and would have testified on defendant's behalf; (5) the absence of such testimony prejudiced him and denied him a fair trial." *Reid*, *supra*.

In *Commonwealth v. Riley*, 285 A.3d 901 (Pa. Super. 2022) (Table),[13] following a layered ineffective assistance of counsel claim permitted on appeal by *Bradley*, *supra*, this Court remanded for an evidentiary hearing. *Riley*, at *2. There, original PCRA counsel had filed a certification for one of the three witnesses whom the defendant wished to have testify at his trial, but later revoked the one certification. The PCRA court subsequently denied the defendant's PCRA petition because there were no witnesses who could testify. *Id.* On appeal, with regard to the first layer of ineffectiveness, appellant alleged that trial counsel failed to investigate and/or call three alibi witnesses

---

[13] Pursuant to Pa.R.A.P. 126, unpublished non-precedential decisions of the Superior Court published after May 1, 2019, may be cited for persuasive value.

who would corroborate the defendant's claim that he was not present at the location of the shooting. The appellant averred that he provided trial counsel with the names and contact information of these alibi witnesses. *Id.* at *5. Regarding the second layer of ineffectiveness, appellant alleged that original PCRA counsel failed to properly plead trial counsel's ineffectiveness. *Id.* at *6. Specifically, the appellant claimed that original PCRA counsel did not assert that the witnesses were available at the time of trial, willing to testify on defendant's behalf, or that the absence of their testimony was prejudicial. *Id.* In ordering remand, this Court stated:

> This case presents a unique circumstance in which this Court, in order to review the dismissal of [defendant's] ineffectiveness of original PCRA counsel claim, must examine whether the underlying claim—the ineffectiveness of trial counsel for failure to investigate and call two potential alibi witnesses ([defendant's] brother and [defendant's] uncle)—satisfied the three-part ineffectiveness test. Based on the current record, and **specifically in the absence of an evidentiary hearing**, we are unable to review [defendant's] claim.

*Id.* at *8 (emphasis added).

Similarly, in **Commonwealth v. Parrish**, 273 A.3d 989 (Pa. 2022), following a layered ineffectiveness claim permitted on appeal by **Bradley**, *supra*, our Supreme Court remanded for an evidentiary hearing. There, the first layer of alleged ineffectiveness involved trial/appellate counsel's purported failure to consult with the defendant regarding his appeal rights. The second layer of alleged ineffectiveness concerned original PCRA counsel's purported failure to present available evidence to substantiate the underlying ineffectiveness claim and that, if defendant had been consulted, he would have

instructed trial/appellate counsel to file a notice of appeal. *Id.* at 1004. Defendant alleged that the evidence would show that appellate counsel believed defendant was able to rely on the Supreme Court's automatic review of direct appeals from the imposition of death sentences pursuant to 42 Pa.C.S.A. § 9711(h), and that defendant had specifically requested additional information regarding the appeal process. *Id.* at 1007.

Instantly, the first layer of McCready's ineffectiveness claim is based on Attorney Ferguson's failure to investigate/call Grandfather, S.M., L.T., M.S., and A.S. at trial. The second layer is based on Attorney Puskar's failure to appropriately and adequately develop the record on the issue (i.e., failure to call all of the witnesses and/or present evidence regarding their availability at his PCRA hearing). *See* Appellant's Brief, at 11. McCready purports that he "has submitted material facts relative to prior counsel's handling of the petition for [PCRA relief that] would warrant [remand] to develop the record." *Id.* at 12.

Upon review of the record, we conclude that remand is not necessary to determine whether Attorney Ferguson was ineffective in his failure to call any of the witnesses. *See Burkett*, *supra* at 1270 (critical inquiry is whether first attorney was ineffective). Unlike in *Riley*, where no evidentiary hearings were held due to the absence of witness certifications, McCready attached to his PCRA petition signed certifications from the five witnesses, which include the

- 13 -

substance of their purported trial testimony.[14] *See* 42 Pa.C.S.A. § 9545(d)(1); *see also* Pa.R.Crim.P. 902(A)(15). Moreover, the PCRA court held an evidentiary hearing at which S.M. and Attorney Ferguson testified. *See* N.T. Evidentiary Hearing, 3/8/18.

In an effort to show that McCready was not present during the times the S.L.H. says the abuse happened, McCready presented certifications from each of the witnesses. L.T.'s statement described her friendship with McCready, including information that they spent almost every day together during the years that the alleged abuse took place. L.T. also explained that McCready had a brown car that would constantly breakdown, sometimes leased a car, and also relied on his parents for rides. *See* Certification of L.T., 9/15/16. M.S.'s statement explained that she spent "every other weekend" with S.L.H's parents and they "always went as a group" to her grandparents' house, where the alleged abuse took place. Certification of M.S., 8/17/16. M.S. also stated that McCready was never invited to family functions. *See id.* A.S.'s statement explained that she spent the weekends at S.L.H.'s grandparents' house with the children at the time the alleged rape occurred and that she was not working or in school during this time. Certification of A.S., 6/23/16. Grandfather stated that he "did not feel McCready had effective counsel." Certification of Grandfather, 9/9/16. Grandfather explained that S.L.H.'s

---

[14] We note that these certifications, although required to, do not include the witnesses' addresses and birth dates.

parents never invited McCready to family functions and questioned "why on earth would [S.L.H.'s parents] allow [S.L.H.] to go with [McCready] alone anywhere?" *Id.* He also stated that it is possible S.L.H.'s paternal uncle was the perpetrator. *Id.*

At the March 6, 2018 evidentiary hearing, S.M. testified that in the summers of 2009 and 2010, she was 10 and 11 years old and lived with her mother. S.M. testified that she would decide when she wanted to visit McCready and that her mother would drive her. N.T. Evidentiary Hearing, 3/6/18, at 3-4. Regarding McCready's access to a car, S.M. stated, "[McCready's] car was pretty much broke[n] down most of [the time] when [she] was young" and that McCready "didn't drive, not when he didn't have a car" **but** that "gram was always driving or my pap was driving." *Id.* at 4-6. S.M. responded, "I do not" when asked, "Do you remember why you told Attorney Ferguson that [McCready] had access to a car?" *Id.* at 7. She also testified she would not be at her grandparents' house with just McCready and S.L.H. and that S.L.H.'s grandfather[15] worked at night and slept during the day. *Id.* at 5.

Attorney Ferguson also testified at the March 6, 2018 evidentiary hearing. He explained that he did not call S.M. as a witness at trial because one of the main issues at trial was whether McCready had access to a car and S.M.'s testimony did not provide McCready with a complete alibi. *Id.* at 9, 11.

---

[15] S.M. and S.L.H. are cousins and share the same grandparents.

Attorney Ferguson recalled S.M. telling him that McCready had access to a car. *Id.* (Attorney Ferguson stating "my notes talk about an old boxy style tan and brown light[-]colored car"). In sum, Attorney Ferguson believed S.M.'s testimony was a "double edged sword" because it showed McCready had access to a car. *Id.* at 10.

Upon review of the record, we conclude that McCready has failed to raise a genuine issue of material fact that would warrant remand for additional evidentiary hearings because the information within the attached witness certifications fails to show that the absence of such testimony denied him the right to fair trial. Specifically, the purported testimony, as alleged in the witness' certifications, neither provides a complete alibi nor shows S.L.H. was not credible.

L.T.'s statement that McCready **sometimes leased a car** shows that McCready **could have** driven to the house where the abuse occurred and **had a car** that S.L.H. could have cleaned. Additionally, M.S.'s statement that she was at the house **every other weekend** and A.S.'s statement that she was at the house **every weekend** does not provide a complete alibi where Grandmother testified that her **front door was often unlocked** and that it is possible McCready came to her house to do laundry or assist the neighbor when no one was there. Additionally, Grandfather's statement asserts his irrelevant layman's opinion as to Attorney Ferguson's ineffectiveness and then attempts to name another perpetrator, neither providing McCready an alibi nor showing that S.L.H. was not credible. *See also infra*, n.5.

Further, with respect to S.L.H.'s credibility, the jury was aware that S.L.H. had previously lied to her mother regarding make-up found in S.L.H.'s bag. N.T. Jury Trial, 1/23/14, at 65. S.L.H. originally said it was her make-up in the bag; however, the make-up belonged to S.L.H.'s cousin. S.L.H. also lied about making exchanges of make-up for pencils and erasers on the bus with her friends. *See id.*

Finally, S.L.H. clearly identified McCready has the perpetrator:

Prosecutor: Did [your parents suggest to you that [McCready] had to do it; it had to be [McCready]?

S.L.H.: "[My parents] knew [it was McCready] because I told them."

*Id.*, 1/22/14, at 92. Moreover, the witness certifications do not state facts that show S.L.H. was not credible.

Because the purported evidence in the witnesses' certifications did not provide McCready a complete alibi and furthermore demonstrated that McCready had some access to a car, we conclude that the first layer of McCready's ineffective assistance of counsel claim is without merit. Defendant was neither prejudiced nor would the outcome of the trial have been different if these witnesses had been called to testify. Therefore, there is no need to remand to determine whether Attorney Puskar's representation was ineffective. *Cf. Parrish*, *supra* at 1006 (remand available where petitioner establishes issues of material fact regarding first layer of claim which, if proven, would entitle him to relief); *Burkett*, *supra*.

In light of the foregoing, the PCRA court did not abuse its discretion in dismissing McCready's PCRA petition. **Heilman**, **supra**.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/17/2023