J-S11026-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
         :         PENNSYLVANIA
         :
       v.          :
         :
         :
RONALD M. COLEMAN          :
         :
       Appellant        :     No. 1200 EDA 2023

Appeal from the PCRA Order Entered May 10, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009254-2017

BEFORE:    BOWES, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:          **FILED JULY 19, 2024**

Ronald M. Coleman appeals from the order denying his Post Conviction

Relief Act ("PCRA") petition. **See** 42 Pa.C.S.A. §§ 9541-9546. He maintains

that he raised meritorious ineffectiveness claims and that the PCRA court

should have held an evidentiary hearing. We affirm on the basis of the PCRA

court's opinion.

Following a bench trial in July 2019, the court convicted Coleman of

Rape—Forcible Compulsion, Involuntary Deviate Sexual Intercourse—Forcible

Compulsion, Sexual Assault, Indecent Assault—Forcible Compulsion, and

Simple Assault. It sentenced him to eight to 16 years' incarceration followed

by four years' reporting probation. We affirmed the judgment of sentence in

May 2021. **Commonwealth v. Coleman**, No. 230 EDA 2020, 2021 WL

_____

[*] Retired Senior Judge assigned to the Superior Court.

1820766 (Pa.Super. filed May 6, 2021) (unpublished memo.). Coleman did not seek allowance of appeal.

Coleman filed the instant, timely PCRA petition in September 2021. The court appointed counsel, who filed an amended petition. Relevant to this appeal, Coleman claimed ineffective assistance of trial counsel for failing to file a post sentence motion challenging the weight of the evidence, move for a mistrial, and obtain an expert's evaluation of the victim's mental incapacity. Amended Petition under Post Conviction Relief Act, filed 6/8/22 at 4. The court issued notice of its intent to dismiss the petition without a hearing. **See** Pa.R.Crim.P. 907 Notice, filed 4/6/23. It determined that Coleman's issues were meritless, did not raise a genuine issue of material fact, and that an evidentiary hearing was not warranted. The court ultimately denied the petition and this timely appeal followed.

Coleman raises the following issues:

> Whether the PCRA Court's finding[s] are supported by the record and free of legal error by refusing to grant the relief requested in [Coleman's] PCRA Petition based upon the following:
>
> Whether the PCRA court erred in denying [Coleman's] PCRA petition without an evidentiary hearing?
>
> Whether trial counsel was ineffective for failing to file a post-verdict motion that the verdict was against the weight of the evidence?
>
> Whether trial counsel was ineffective for failing to move for a mistrial?

Coleman's Br. at 7 (answers of PCRA court omitted).

"When reviewing the denial of a PCRA petition, we must determine whether the PCRA court's order is supported by the record and free of legal error." ***Commonwealth v. Anderson***, 234 A.3d 735, 737 (Pa.Super. 2020) (citation omitted).

Counsel is presumed effective. A petitioner may overcome this presumption by showing that: "(1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result." ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014). "[T]he inability of a petitioner to prove each prong . . . in respect to trial counsel's purported ineffectiveness alone will be fatal to his layered ineffectiveness claim." ***Commonwealth v. Tedford***, 960 A.2d 1, 13 (Pa. 2008) (citation omitted). "[I]f the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." ***Commonwealth v. McCready***, 295 A.3d 292, 298 (Pa.Super. 2023) (citation omitted).

None of Coleman's issues have merit, and we affirm on the basis of the opinion of the Honorable Timika Lane. Judge Lane explains that a post-sentence motion challenging the weight of the evidence would not have been successful because Coleman "cannot demonstrate that a weight of the evidence claim would have had any merit," or that "counsel's failure to file a post-sentence motion preserving the claim resulted in prejudice." Rule 1925(a) Opinion, filed Jul. 24, 2023, at 7. She notes that the victim, H.F., "testified in detail about how the attack by [Coleman] was not consensual,

- 3 -

and multiple witnesses at trial corroborate his testimony about the events." *Id.* at 9. Judge Lane also explains that a motion for a mistrial would not have been successful because Coleman "cannot establish that he suffered any prejudice as a result of H.F. referencing [Coleman's] statement about his time in jail[,]" especially considering that the court sat as fact-finder. *Id.* at 12. Because there is no genuine issue of material fact, Judge Lane did not err in dismissing Coleman's petition without an evidentiary hearing. *McCready*, 295 A.3d at 298. We therefore affirm on the basis of Judge Lane's well-reasoned opinion. *See* Rule 1925(a) Op. at 7-12.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/19/2024

- 4 -