J-A05039-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER MUSGROVE | : | |
| | : | |
| Appellant | : | No. 276 WDA 2024 |

Appeal from the PCRA Order Entered January 31, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0009603-2019

BEFORE: MURRAY, J., KING, J., and FORD ELLIOTT, P.J.E.*

MEMORANDUM BY FORD ELLIOTT, P.J.E.:     **FILED: MARCH 25, 2025**

Christopher Musgrove appeals from the order dismissing his petition, filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546 ("PCRA"), and seeks a remand for further proceedings consistent with ***Commonwealth v. Bradley***, 261 A.3d 381 (Pa. 2021). After review, we remand.

On June 25, 2021, Musgrove proceeded by way of non-jury trial with the assistance of Leslie Perlow, Esquire. The court found Musgrove guilty on all charges.[1] On September 20, 2021, the court sentenced Musgrove to an

_____

\* Retired Senior Judge assigned to the Superior Court.

[1] Musgrove's convictions consist of two counts each of rape of a child, involuntary deviate sexual intercourse with a child, incest with a minor—victim under 13 years of age, corruption of minors, endangering the welfare of
*(Footnote Continued Next Page)*

*Retired Senior Judge assigned to the Superior Court

aggregate term of 26 to 52 years' incarceration followed by 5 years' probation. Musgrove did not appeal.

On September 26, 2022, through newly-appointed post-conviction counsel—Ryan James, Esquire—Musgrove timely filed his first PCRA petition, alleging, *inter alia*, ineffective assistance of trial counsel for failure to present a character witness. The PCRA court held a hearing on the petition on July 12, 2023, and took the case under advisement at the conclusion of the hearing. On January 31, 2024, the PCRA court dismissed Musgrove's petition. The court then granted Attorney James' petition to withdraw and thereafter appointed Corrie Woods, Esquire.

Attorney Woods filed a counseled notice of appeal on March 1, 2024, and continues to represent Musgrove in this appeal. Musgrove and the PCRA court have complied with Pennsylvania Rule of Appellate Procedure 1925. In Musgrove's Rule 1925(b) concise statement, he raises for the first time, and at his first opportunity to do so, the ineffective assistance of Attorney James for failure to raise a claim of Attorney Perlow's ineffectiveness for failure to present the testimony of five character witnesses not discussed in Musgrove's PCRA petition.

On appeal, Musgrove, through Attorney Woods, alleges he is entitled to a remand for a hearing pursuant to **Bradley**, **supra**, so that he may develop

---

children, and unlawful contact with a minor, and one count each of indecent assault—victim less than 13 years of age and simple assault of a child.

the above-mentioned layered claims of ineffectiveness relating to the five potential character witnesses. Accordingly, Musgrove presents the following question for our review:

> Is Musgrove entitled to a remand to make out a claim that [Attorney James] was ineffective in failing to adequately investigate and present a claim that [Attorney Perlow] was ineffective in failing to call Tom Evan, Rhonda Scott, James Ekiss, "Bob," and "Roger" as witnesses as to Musgrove's character and in failing to call Attorney Perlow to testify at the PCRA hearing herein?

Appellant's Brief, at 4.

> Our standard of review for the denial of a PCRA petition is as follows:

> An appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the [PCRA court] level.

**Commonwealth v. Freeland**, 106 A.3d 768, 775 (Pa. Super. 2014) (citation and original brackets omitted).

On appeal, Musgrove argues that he is entitled to a remand for an evidentiary hearing on the issue of whether Attorney James was ineffective for failing to allege the ineffectiveness of Attorney Perlow, stemming from her failure to call Tom Evan, Rhonda Scott, James Ekiss, "Bob," and "Roger" as character witnesses at Musgrove's trial.[2]

---

[2] Bob's and Roger's last names are not of record.

The Commonwealth responds that no evidentiary hearing on these layered ineffectiveness claims is required because Musgrove agreed, during a trial colloquy, that he understood his rights regarding calling character witnesses and was willing to proceed at trial without calling any character witnesses. The Commonwealth urges that Musgrove should be bound to his previous statements to the court and denied relief presently on that basis.

In Musgrove's reply brief, he agrees he is bound by his trial statements to the court that he understood his right to call character witnesses. Nevertheless, Musgrove points to the narrow issue that the record is silent on whether it was a reasonable trial strategy for Attorney Perlow to fail to call **any** character witnesses, especially the five individuals identified in this appeal. In connection with this layered ineffectiveness claim, Musgrove notes that Attorney James never called Attorney Perlow to testify at the PCRA court's evidentiary hearing to inquire into whether Attorney Perlow's failure to call the five witnesses was a reasonably-based trial strategy and argues that a remand is therefore necessary to develop that claim. We agree.

Pennsylvania law is well-settled regarding how to raise a claim of layered ineffective assistance of counsel:

> [I]n addressing a petitioner's layered claim of ineffectiveness, we presume counsel is effective and determine whether the petitioner rebutted that presumption by establishing: (1) the underlying claim of ineffectiveness has arguable merit; (2) counsel's act or omission was not reasonably designed to advance the interest of the petitioner; and (3) the petitioner was prejudiced—that is, but for counsel's errors, the outcome of the proceeding would have been different. Additionally, in determining a layered claim of ineffectiveness, the critical inquiry is whether the first attorney

- 4 -

that the petitioner asserts was ineffective did, in fact, render ineffective assistance of counsel.

***Commonwealth v. McCready***, 295 A.3d 292, 298-99 (Pa. Super. 2023) (citations, quotations marks, emphasis, and original brackets omitted). ***See also Strickland v. Washington***, 466 U.S. 668 (1984); ***Commonwealth v. Pierce***, 527 A.2d 973 (Pa. 1987).

Counsel's failure to present available character witnesses may constitute ineffective assistance if there is no reasonable basis for that failure. ***See Commonwealth v. Mickens***, 597 A.2d 1196, 1203 (Pa. Super. 1991) ("a lawyer who fails to use character evidence on a defendant's behalf can indeed be deemed constitutionally ineffective if there is no reasonable basis for such failure"). Further, we have previously observed that there are procedural and substantive requirements for raising counsel's ineffectiveness for failing to present witness testimony:

> First, a [PCRA petitioner] must attach to his PCRA petition "a signed certification as to each intended witness stating the witness's name, address, date of birth and substance of testimony." 42 Pa.C.S.[] § 9545(d)(1); Pa.R.Crim.P. 902(A)(15); *see also Commonwealth v. Reid*, 99 A.3d 427, 438 (Pa. 2014). Second, a [PCRA petitioner] must establish that: "(1) the witness existed; (2) the witness was available; (3) counsel was informed or should have known of the existence of the witness; (4) the witness was prepared to cooperate and would have testified on [the petitioner]'s behalf; [and] (5) the absence of such testimony prejudiced him and denied him a fair trial." *Reid*, *supra*.

***McCready***, 295 A.3d at 299.

This Court has previously explained that character evidence is substantive evidence sufficient to create reasonable doubt by itself:

> [E]vidence of good character is to be regarded as evidence of substantive fact[,] just as any other evidence tending to establish innocence[,] and may be considered by the jury in connection with all of the evidence presented in the case on the general issue of guilt or innocence. Evidence of good character is substantive and positive evidence, not a mere make weight to be considered in a doubtful case, and, . . . is an independent factor which may of itself engender reasonable doubt or produce a conclusion of innocence.

*Commonwealth v. Johnson*, 27 A.3d 244, 248 (Pa. Super. 2011) (citations omitted).

Here, the record indicates that Attorney Perlow was aware of potential character witnesses at the time of trial insofar as Cheryl Wilcox, Musgrove's aunt, testified at the PCRA evidentiary hearing that she provided the above-mentioned names to Attorney Perlow's investigator, Bob Keys. *See* N.T. PCRA Evidentiary Hearing, 7/12/23, at 61 (Wilcox testifying she provided Investigator Keys with names of potential character witnesses including, "Bob, Roger, my pastor, Pastor [Gary] LaPietra" as well as "Pastor Jim Ecass [sic], Brother Tom Evan[,] and Sister Rhonda Scott"). Attorney Perlow also informed the court that she was aware of potential character witness testimony, but, with the input of Investigator Keys and Musgrove, she determined that no character witnesses should be called, and Musgrove agreed. *See* N.T. Non-Jury Trial, 6/5/21, at 79 (Attorney Perlow telling trial court "Originally[, Musgrove] gave me some names of people. [Investigator Keys] interviewed them and based on his opinion, my opinion, and conversations with [] Musgrove, we are not calling these people as character witnesses."). Nevertheless, the record does not contain the reasons

supporting Attorney Perlow's decision to advise Musgrove as she did, nor does the record reveal which character witnesses she evaluated. Also, Attorney James sought to raise a claim of Attorney Perlow's ineffectiveness for a failure to call a character witness—Pastor LaPietra—but failed to call Attorney Perlow to testify at the PCRA evidentiary hearing. The record also does not otherwise contain the reasons supporting Attorneys James' or Perlow's decisions—as PCRA and trial counsel, respectively—as it relates to Musgrove's layered ineffectiveness claim.

After our review, we conclude remand is necessary because the record is insufficient to determine whether Attorney James' failure to call Attorney Perlow at the PCRA hearing—and the failure to raise the layered ineffective assistance of counsel claims alleged in this appeal—was based on a reasonable strategy.[3] **See Bradley**, 261 A.3d at 402 (in some cases appellate court may need to remand to PCRA court for further development of record and for PCRA court to consider ineffective assistance of PCRA counsel claims in first instance). Similarly, the record is not sufficiently developed to evaluate Musgrove's claim of trial counsel's ineffectiveness, especially where the record fails to reflect the reasons supporting Attorney Perlow's advice to Musgrove to

---

[3] At this stage, we do not opine on the effectiveness of any of Musgrove's attorneys and, instead, leave those determinations for the PCRA court to make in the first instance.

decline to call any character witnesses at trial.[4] *See Mickens*, *supra*. Accordingly, we must remand for further proceedings to develop the record on Musgrove's layered claims of ineffective assistance of counsel. *See Commonwealth v. Parrish*, 317 A.3d 551, 561-62 (Pa. 2024) (remanding because "PCRA court needs to further develop the record in this case and consider, in the first instance, Parrish's layered claims, all alleging the ineffective assistance of initial PCRA counsel"); *cf. McCready*, 295 A.3d at 302 (declining to remand because existing record resolved alleged *Bradley* issues relating to trial level layer of layered ineffective assistance claim). Therefore, we must reverse the order denying PCRA relief and remand to the PCRA court for further proceedings.

In sum, because the record is insufficient to evaluate Musgrove's claims, this case is remanded to the PCRA court so that current PCRA counsel may file an amended PCRA petition that, *inter alia*, complies with Section 9545(d)(1) of the PCRA and sets forth a viable layered ineffectiveness claim. Thereafter, the PCRA court shall conduct an evidentiary hearing for the purpose of considering Musgrove's ineffectiveness claims.

Order reversed. Case remanded. Jurisdiction relinquished.

_____

[4] Although Musgrove told the court he understood his right to present character witnesses during his trial colloquy, the record fails to reflect the reasons Attorney Perlow relied upon in reaching the conclusion that Musgrove should decline to present such evidence, which are facts necessary to making any finding regarding counsel's reasonably-based trial strategy.

- 8 -

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 3/25/2025