J-S05004-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| JAVIER ORTEGA | : | |
| Appellant | : | No. 1836 EDA 2025 |

Appeal from the PCRA Order Entered June 23, 2025
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0001708-2019

BEFORE:   PANELLA, P.J.E., KING, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.:                    **FILED APRIL 28, 2026**

Javier Ortega appeals *pro se* from the order entered in the Court of Common Pleas of Lehigh County denying his first Post Conviction Relief Act ("PCRA")[1] petition. On appeal, Ortega raises various claims of ineffective assistance of trial counsel. After careful consideration, we affirm.

A panel of this Court previously summarized the factual and procedural history underlying Ortega's conviction as follows:

[Ortega] was charged with rape of a child[2] and other offenses based on allegations that he sexually abused his then-thirteen-year-old stepdaughter[, M.M. ("Victim"),] on multiple occasions in 2015. The matter proceeded to a bench trial in 2021, during which

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] 18 Pa.C.S.A. § 3121(c).

both [Victim] and [Ortega] testified.[3] Ultimately, the trial court found [Ortega] guilty of rape of a child.

On June 16, 2022, the trial court sentenced [Ortega] to fifteen to thirty years' incarceration, followed by three years of probation. [Ortega] was also designated as an SVP[] and ordered to comply with Subchapter H's lifetime registration requirements. [Ortega] subsequently filed a timely post-sentence motion, which was ultimately denied.

*Commonwealth v. Ortega*, 318 A.3d 1290, 2024 WL 1882879, at *1 (Pa. Super. filed Apr. 30, 2024) (unpublished memorandum). This Court affirmed Ortega's judgment of sentence, and on September 25, 2024, the Supreme Court denied Ortega's petition for allowance of appeal. *See Commonwealth v. Ortega*, 326 A.3d 815 (Pa. 2024).

Ortega filed a timely *pro se* PCRA petition on October 29, 2024, in which he raised various claims of trial counsel's ineffectiveness. On November 21, 2024, the court appointed PCRA counsel to represent Ortega on his first PCRA petition. On March 20, 2025, PCRA counsel filed a motion to withdraw from representation, which the court granted on May 8, 2025. On May 29, 2025, the court issued notice of its intent to dismiss Ortega's PCRA petition without conducting an evidentiary hearing, pursuant to Pa.R.Crim.P. 907(1). Ortega failed to respond, and on June 23, 2025, the court entered an order denying Ortega's petition. Ortega timely filed a notice of appeal and a court-ordered concise statement of errors complained of on appeal, pursuant to Pa.R.A.P.

_____

[3] At trial, Ortega was represented by Daniel Hunter, Esq.

1925(b). In lieu of filing an opinion pursuant to Pa.R.A.P. 1925(a), the PCRA

court relies upon the reasons set forth in its Rule 907 notice of intent to dismiss

for denying Ortega relief. *See* Pa.R.A.P. 1925(a)(1).

On appeal, Ortega presents the following questions for our review:

1. Did the lower court [err] when it denied [Ortega] relief based on counsel's failure to render effective assistance when he failed to impeach witnesses with proper cross examination after they gave inconsistent testimony that did not [corroborate Victim's] testimony[, thereby] denying [Ortega] an effective strategy [guaranteed] to him by the Sixth Amendment[?]

2. Did the lower court [err] when it denied [Ortega] relief based on counsel's failure to render adequate and effective assistance when he failed to advise [Ortega] about the difference between a bench trial and a jury trial or a potential defense when they had never spoken outside of the courtroom before the day of trial denying him a fair trial because he needed to be advised about the best way counsel could defend him when it came to the matter[?]

3. Did the lower court [err] by denying [Ortega's] first PCRA petition without a hearing when counsel failed to prepare for trial by failing to investigate matters complained of and communicate with his client up until the day of trial about important matters such as witnesses and a complete defense for a fair trial[?]

4. Did the lower court [err] when it denied [Ortega] relief based on counsel's failure to call character witnesses because of [counsel's] failure to investigate or ask [Ortega] questions regarding family dynamic and who could have been a witness when witnesses existed and would have been available to testify during trial, but were not called?

5. Did the lower court [err] in not finding that [Ortega] is entitled to a new trial based on after[-]discovered evidence which would not have been merely corroborative, not used solely for impeachment, would have developed a motive for [] Victim fabricating the allegations consistent with the timing of the allegations, challenged [] Victim's credibility as well as bolstering

[Ortega's] testimony and would have changed the outcome of the trial[?]

Appellant's Brief, at 4-5 (issues reordered for ease of disposition; unnecessary capitalization omitted).

"We review orders denying PCRA relief to determine whether the ruling of the PCRA court is supported by the record and free of legal error. We apply a *de novo* standard of review to the PCRA court's legal conclusions." **Commonwealth v. Davis**, 326 A.3d 988, 992 (Pa. Super. 2024). "Furthermore, a court's decision to deny a PCRA claim without a hearing may only be reversed upon a finding of an abuse of discretion." **Commonwealth v. Min**, 320 A.3d 727, 730 (Pa. Super. 2024) (citation omitted).

A PCRA petitioner may be eligible for relief if he pleads and proves, by a preponderance of the evidence, that his conviction or sentence was a result of the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii).

> When analyzing ineffectiveness claims, we begin with the presumption counsel was effective. To overcome this presumption and be entitled to relief on an ineffectiveness claim, a petitioner must satisfy the performance and prejudice standard set forth in **Strickland v. Washington**, 466 U.S. 668 (1984), by a preponderance of the evidence. [Pennsylvania courts apply] **Strickland** by requiring a petitioner to establish three elements: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) appellant suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability

that the result of the proceeding would have been different had counsel not erred. *See Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987). Furthermore, [courts] are not required to analyze the elements of an ineffectiveness claim in any particular order; if a claim fails under any element of the *Strickland* test, [a court] may proceed to that element first. Thus, when it is clear that the party asserting a claim of ineffectiveness has failed to meet the prejudice prong, the claim may be dismissed on that basis alone without a determination of whether the first two prongs of the ineffectiveness standard have been met.

*Commonwealth v. Johnson*, 335 A.3d 685, 709 (Pa. 2025) (some case citations and quotation marks omitted).

"A claim has arguable merit where the factual averments, if accurate, could establish cause for relief." *Commonwealth v. Evans*, 303 A.3d 175, 182 (Pa. Super. 2023) (citation omitted).

With regard to reasonable basis, the PCRA court does not question whether there were other more logical courses of action which counsel could have pursued; rather, the court must examine whether counsel's decisions had any reasonable basis. Where matters of strategy and tactics are concerned, a finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued.

*Commonwealth v. Hopkins*, 231 A.3d 855, 874 (Pa. Super. 2020) (quotation marks, brackets, and citations omitted). Furthermore:

To demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding.

*Evans*, 303 A.3d at 183 (brackets and citation omitted).

In his first and second issues, Ortega claims for the first time that trial counsel was ineffective for failing to impeach witnesses at trial and failing to advise him of the difference between a jury and a bench trial. *See* Appellant's Brief, at 15-18, 25-27. These ineffectiveness claims are not properly before us. Pursuant to our Rules of Appellate Procedure, "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Ortega has waived these ineffectiveness claims for our review by raising them for the first time in his appellate brief. *See id.*; *Commonwealth v. Reid*, 259 A.3d 395, 413-14 (Pa. 2021) (finding waiver under Rule 302(a) where appellant failed to include specific claim of trial counsel's ineffectiveness in PCRA petition). Accordingly, Ortega's first and second ineffectiveness claims do not entitle him to relief.

In his third issue, Ortega claims that counsel was ineffective for failing to prepare for trial. Specifically, Ortega avers that counsel failed to investigate, "provide witnesses[,]" or "ask questions that needed to be asked." Appellant's Brief, at 11, 12. Ortega concludes that if counsel had adequately prepared for trial, "he would have discovered facts that could have changed the outcome of the case." *Id.* at 12.

The PCRA court rejected this ineffectiveness claim on the basis that Ortega "failed to provide sufficient evidence to support his allegation of inadequate trial preparation." Rule 907 Notice, 5/29/25, at n.1. We agree.

Courts "will not deem trial counsel ineffective for lack of preparation without sufficient proof." ***Commonwealth v. Howard***, 732 A.2d 1213, 1215 (Pa. Super. 1999) (citation omitted). Where a petitioner merely speculates as to what further investigation would have revealed, his ineffective assistance claim fails. ***See Commonwealth v. Tedford***, 960 A.2d 1, 27 (Pa. 2008). A petitioner establishes prejudice based upon counsel's alleged failure to investigate or prepare for trial where he sets forth "beneficial information or issues that counsel should have presented had he been prepared adequately, which would have changed the outcome of the trial." ***Commonwealth v. Bishop***, 266 A.3d 56, 68 (Pa. Super. 2021) (citation omitted).

Here, Ortega has not even speculated as to what a further investigation by counsel would have revealed, ***see Tedford***, 960 A.2d at 27, but rather, baldly asserts that an amorphous investigation would have led counsel to discover unidentified "evidence that would have been helpful to the defense." Appellant's Brief, at 13. Furthermore, Ortega fails to specify what "beneficial information or issues [] counsel should have presented" that "would have changed the outcome of [his] trial." ***Bishop***, 266 A.3d at 68. Therefore, Ortega has failed to demonstrate prejudice, and this ineffectiveness claim fails. ***See Johnson***, 335 A.3d at 709. Accordingly, the PCRA court did not err in denying Ortega relief on this claim.

In his fourth issue, Ortega claims that counsel was ineffective for failing to call witnesses at trial. Specifically, Ortega criticizes counsel's failure to

investigate or call witnesses to aid in his defense generally or to testify to his good character. ***See*** Appellant's Brief, at 20-24.

The PCRA court rejected this ineffectiveness claim because Ortega failed to "specifically identif[y] who the witnesses are or what alleged helpful testimony they would have given" or indicate "whether they were willing and available to testify for the defense." Rule 907 Notice, 5/29/25, at n.1. We agree.

> When raising a claim of ineffectiveness for the failure to call a potential witness, a petitioner satisfies the performance and prejudice requirements of the ineffective assistance of counsel test by establishing that: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.
>
> Prejudice in this respect requires the petitioner to show how the uncalled witnesses' testimony would have been beneficial under the circumstances of the case. Therefore, the petitioner's burden is to show that testimony provided by the uncalled witnesses would have been helpful to the defense.

***Bishop***, 266 A.3d at 65 (citation omitted).

In his petition, Ortega did not specifically identify any uncalled witness by name who would have testified for the defense at trial or at a PCRA evidentiary hearing. ***See*** PCRA Petition, 10/29/24, at 7. Rather, Ortega baldly asserted that counsel failed to call unidentified witnesses that "would have changed the outcome of the case" and "proved that the actual charge should have never been brought to the courts because [] the facts of the case did not

match with testimony." PCRA Petition, 10/29/24, at 4. In both his petition and his brief, Ortega fails to establish that these unidentified witnesses existed, that counsel knew of or should have known of their existence, or that they were available and willing to testify for the defense. **See Bishop**, 266 A.3d at 65. Furthermore, Ortega fails to indicate what these unidentified witnesses would have testified to or explain how the absence of this unspecified testimony was so prejudicial that it denied him a fair trial. **See id.** Therefore, because Ortega failed to establish the performance and prejudice prongs, this ineffective assistance claim fails. **See Johnson**, 335 A.3d at 709. Accordingly, the PCRA court did not err in denying Ortega relief.

In his fifth issue, Ortega raises an ineffectiveness claim based on after-discovered evidence. Ortega avers that counsel was ineffective for failing to uncover evidence that Victim may have fabricated the allegations made against Ortega. **See** Appellant's Brief, at 32.

The PCRA court rejected this claim on the basis that it had been previously litigated. **See** Rule 907 Notice, 5/29/25, at n.1. In light of Ortega's conviction of a very serious crime, we have engaged in a close review of this issue.

To be entitled to PCRA relief, a petitioner must establish, *inter alia*, "[t]hat the allegation of error has not been previously litigated or waived." 42 Pa.C.S.A. § 9543(a)(3). An error has been previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of

right has ruled on the merits of the issue[.]" 42 Pa.C.S.A. § 9544(a)(2). Our Supreme Court has determined that, where a PCRA petitioner asserts an ineffectiveness claim based on an underlying claim that was rejected on the merits on direct appeal, the ineffectiveness claim is not considered previously litigated because

> a Sixth Amendment claim of ineffectiveness raises a distinct legal ground for purposes of state PCRA review under § 9544(a)(2). Ultimately, the claim may fail on the arguable merit or prejudice prong for the reasons discussed on direct appeal, but a Sixth Amendment claim raises a distinct issue for purposes of the PCRA and must be treated as such.

*Commonwealth v. Collins*, 888 A.2d 564, 573 (Pa. 2005) (citation and footnote omitted); *see Tedford*, 960 A.2d at 14 (where PCRA court improperly disposes of ineffective assistance claim as previously litigated, remand to PCRA court to consider separate Sixth Amendment merits of claim is not required where claim is "obviously deficient for other reasons") (citation omitted).

Here, although Ortega's ineffectiveness claim is based on counsel's alleged failure to discover evidence prior to trial, and this Court rejected the underlying merits of Ortega's after-discovered evidence argument on direct appeal, we cannot conclude that Ortega's ineffectiveness claim has been previously litigated. *See Collins*, 888 A.2d at 573. Nevertheless, Ortega is not entitled to relief.

To prevail on this ineffectiveness claim, Ortega must establish, *inter alia*, that the underlying after-discovered evidence claim has arguable merit. *See*

*Johnson*, 335 A.3d at 709. "To prove an after-discovered evidence claim, a petitioner must show each of the following: (1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict." *Commonwealth v. Williams*, 347 A.3d 728, 732 (Pa. Super. 2025) (internal quotation marks and citation omitted). Moreover, "the proposed new evidence must be producible and admissible." *Commonwealth v. Small*, 189 A.3d 961, 973 (Pa. 2018) (citation omitted).

On direct appeal, this Court rejected the exact after-discovered evidence argument Ortega relies on to support his ineffective assistance claim and specifically relied upon the following analysis provided by the trial court:

> [Ortega] claims that [Victim] may have fabricated the allegations due to [Ortega] not allowing her to get a cell phone and that [Victim's] natural father, Neftali Mendez, may have influenced [Victim] to implicate [Ortega]. These claims are based on the following incidents disclosed by [Victim's] younger brother, S.M., to family members:
>
> (1) When S.M. was approximately 10 years old, just before the allegations in this matter were reported, he witnessed [Victim] ask [Ortega] for a cell phone, which he denied to her because of her "behavior issues." [Victim] stormed off and slammed the door. Some days after this, social workers appeared at his school and home asking him questions about abuse involving [Ortega] and [Victim].
>
> (2) When S.M. was approximately 6 years old, he, [Victim], and Mr. Mendez were in the car together when Mr. Mendez turned on an audio recording device and asked [Victim] if [Ortega] ever physically touched her. She replied, "yes." Mr. Mendez then asked S.M. the same question and told him to

- 11 -

> answer "yes." When S.M. refused to say "yes," Mr. Mendez became angry. S.M. also indicated that between the ages of 6 and 9, Mr. Mendez told him to "always stand up for your sister, even if you have to tell lies."
>
> First, the evidence regarding the cell phone possibly providing a motive for [Victim] to lie is not new evidence. The issue was brought out at trial and testified to by [Ortega]. As such, it was not discovered after trial.
>
> Second, the evidence regarding potential influence by Mr. Mendez, even if believed, could have been discovered by due diligence. A defendant has a duty to bring forth relevant evidence on his behalf and cannot claim he discovered new evidence simply because he was not expressly told of that evidence. [**Commonwealth v. Padillas**, 997 A.2d 356, 364 (Pa. Super. 2010)]. "Likewise, a defendant who fails to question or investigate an obvious, available source of information, cannot later claim evidence from that source constitutes newly discovered evidence." **Id.** The question of diligence becomes especially important where [Ortega] has a close, amicable relationship with the potential witness. Here, [Ortega] and S.M. had a step-parent/step-child relationship, they lived together, and by all accounts had a good relationship. [Ortega] failed to show this evidence could not have been discovered with exercise of due diligence.
>
> Trial Ct. Op. at 9-10 (footnotes omitted).

**Ortega**, 2024 WL 1882879, at *4 (brackets omitted). Therefore, because Ortega cannot prove his underlying after-discovered evidence claim, his ineffectiveness claim based on counsel's alleged failure to discover this evidence lacks arguable merit. **See Williams**, 347 A.3d at 732. Accordingly,

- 12 -

this ineffectiveness claim likewise fails, and the PCRA court did not err in denying Ortega relief. *See Johnson*, 335 A.3d at 709.[4]

For the foregoing reasons, we discern no legal error or abuse of discretion by the PCRA court in denying Ortega's PCRA petition without a hearing. Accordingly, Ortega is not entitled to relief, and we affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/28/2026

---

[4] This Court "may affirm the decision of the PCRA court if there is any basis on the record to support the PCRA court's action; this is so even if we rely on a different basis in our decision to affirm." *Commonwealth v. McCready*, 295 A.3d 292, 297 (Pa. Super. 2023) (brackets and citation omitted).