J-S16042-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT STEVEN HUTCHINSON | : | |
| | : | |
| Appellant | : | No. 1184 MDA 2024 |

Appeal from the PCRA Order Entered July 26, 2021
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0000659-2017

BEFORE:  LAZARUS, P.J., BOWES, J., and LANE, J.

MEMORANDUM BY LANE, J.:                   **FILED JULY 15, 2025**

Robert Steven Hutchinson ("Hutchinson") appeals *pro se* from the order dismissing his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  After review, we affirm.

In 2018, following his convictions for possession of a controlled substance (heroin), possession with intent to deliver a controlled substance ("PWID"), and possession of a small amount of marijuana,[2] the trial court sentenced Hutchinson to a term of three to twenty year's incarceration.  The court denied Hutchinson's post-sentence motion challenging the weight of the

_____

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

[2] *See* 35 P.S. § 780-113(a)(16), (30), (31)(i).  A jury found Hutchinson guilty of PWID and possession of a controlled substance.  Separately, the trial court, sitting as the fact-finder, convicted him of possession of a small amount of marijuana.

evidence regarding his PWID conviction and seeking modification of his sentence as excessive and contrary to the Sentencing Code. This Court affirmed Hutchinson's judgment of sentence on direct appeal.[3] **See Commonwealth v. Hutchinson**, 220 A.3d 632 (Pa. Super. 2019) (unpublished memorandum). Hutchinson did not seek further review with the Pennsylvania Supreme Court.

In February 2020, Hutchinson filed a timely *pro se* PCRA petition, raising several claims of ineffective assistance of trial counsel for failing to: (1) file a suppression motion; (2) submit a request for acquittal; (3) challenge the validity of the eyewitness testimony as inadmissible hearsay; (4) argue the lack of corroborating evidence of possession; as well as (5) a claim of ineffective assistance of his direct appeal counsel for failing to set forth arguments on appeal. The PCRA court appointed counsel, who subsequently filed a petition to withdraw from representation and a "no-merit" letter pursuant to **Commonwealth v. Turner**, 550 A.2d 213 (Pa. Super. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). In September 2020, the PCRA court permitted counsel to withdraw.

In January 2021, the PCRA court filed a Pa.R.Crim.P. 907 notice of intent to dismiss the PCRA petition, which provided Hutchinson twenty days to

_____

[3] On direct appeal, Hutchinson challenged the weight of the evidence supporting his conviction for PWID and the discretionary aspects of his sentence. **See Commonwealth v. Hutchinson**, 220 A.3d 632 at *1 (Pa. Super. 2019) (unpublished memorandum).

respond. The record indicates, however, that the Rule 907 notice was not properly served on Hutchinson, who, unbeknownst to the PCRA court, was released on state parole and then immediately detained by federal authorities. The PCRA court dismissed Hutchinson's PCRA petition on July 23, 2021.

Almost three years later, on June 3, 2024, following a prolix procedural history not relevant to Hutchinson's issues on appeal, another PCRA jurist reinstated his PCRA appeal rights *nunc pro tunc*. This reinstatement order directed that Hutchinson's "appeal shall be limited to the issues raised in his PCRA [petition] and ultimately disposed of by the PCRA court in their January 15, 2021 Rule 907 order and notice of intent to dismiss." Order, 6/3/24, at 2. Hutchinson then filed a notice of appeal on August 15, 2024, and filed a court-ordered Pa.R.A.P. 1925(b) statement of the errors complained of on appeal.

We first review the timeliness of Hutchinson's notice of appeal, filed more than two months after the PCRA court's reinstatement of his appeal rights. **See Commonwealth v. Wright**, 846 A.2d 730, 734 (Pa. Super. 2004) (stating that when the trial court reinstates an appellant's appeal rights, the appellant must file the appeal within thirty days of reinstatement). Hutchinson's explanation, that he did not receive the order until August 5, 2024, is supported by the record and the PCRA court's review of the mail "tracking system on the federal website [that] shows [the] reinstatement order was delivered to SCI Forest, [but] it was refused and returned by the

- 3 -

mailroom." Trial Court Opinion, 9/26/24, at 4. We construe this initial failure of service on Hutchinson to be a breakdown in the court's operations and thus decline to find untimeliness in Hutchinson's appeal. *See Commonwealth v. Patterson*, 940 A.2d 493, 498 (Pa. Super. 2007) (explaining that while we generally strictly construe time limitations for filing a notice of appeal, we may overlook any untimeliness when the trial court has failed to advise or misadvised an appellant of their appeal rights).

Hutchinson raises the following issues for our review.

1. Whether [Hutchinson's] sentence is unconstitutional and excessive/disproportionate to the alleged offenses, in violation of the Eighth Amendment and its state constitutional counterpart Article I, Sec[tion] 13 of the Pennsylvania Constitution ban on cruel and unusual punishment?

2. Whether there is a sentencing statute in the Sentencing Code that authorizes [Hutchinson's] sentence?

3. Whether original PCRA counsel . . . was *per se* ineffective for failing to amend [Hutchinson's] *pro se* PCRA motion and fail[ing] to furnish [Hutchinson] with the documents and material [the PCRA court] ordered him to; which has frustrated this brief?[4] [*Add brackets around FN #*]

_____

[4] In his Rule 1925(b) statement, Hutchinson raised one issue, for the first time:

Whether court appointed PCRA counsel . . . was *per se* ineffective for improperly adopting and incorporating [Hutchinson's] *pro se* PCRA petition without amending the petition where the claims therein were not exhaustive, improperly outlining for the court reasons to deny the petition, thus depriving [Hutchinson] of his Pa.R.Crim.P. 904 enforceable right to the effective assistance of PCRA counsel and [his] Sixth Amendment right to the effective assistance of counsel.

*(Footnote Continued Next Page)*

Hutchinson's Brief at 6 (unnecessary capitalization omitted).

This Court's standard of review of an order denying PCRA relief is well-established:

> Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. . . . [H]owever, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Sandusky*, 324 A.3d 551, 564 (Pa. Super. 2024) (citations omitted).

As we have observed,

> [t]here is no absolute right to an evidentiary hearing on a [PCRA] petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary. To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

*Commonwealth v. McCready*, 295 A.3d 292, 298 (Pa. Super. 2023) (citation omitted); *see also* Pa.R.Crim.P. 907(1)-(2) (providing that a court may dismiss a PCRA petition without hearing, after notice, when there is no issue of material fact and further proceedings would serve no purpose).

---

Hutchinson's Concise Statement of Errors Complained of on Appeal Pursuant to Pa.R.A.P. 1925(b), 9/11/24, at 2 (unnecessary capitalization omitted).

A PCRA petitioner must plead and prove that his "allegation of error has not been previously litigated or waived." 42 Pa.C.S.A. § 9543(a)(3); *see also Commonwealth v. Spotz*, 18 A.3d 244, 281 (Pa. 2011) (explaining that previously litigated claims are not cognizable under the PCRA). A petitioner's claim "is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S.A. § 9544(b). Furthermore, issues raised for the first time on appeal are waived. *See* Pa.R.A.P. 302(a); *see also Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa. Super. 2011) (stating that "issues not raised in a PCRA petition cannot be considered on appeal").

A claim that a sentence is manifestly excessive challenges the discretionary aspects of sentencing. *See Commonwealth v. Lutes*, 793 A.2d 949, 964 (Pa. Super. 2002). "Challenges to the discretionary aspects of sentencing are not cognizable under the PCRA." *Commonwealth v. Fowler*, 930 A.2d 586, 593 (Pa. Super. 2007).

In his first two issues, Hutchinson claims that his sentence is unconstitutional and in violation of the Eighth Amendment's prohibition of cruel and unusual punishment because of "the difficulty and potential risks that Covid-19 has posed to those incarcerated [which] ensued *after* [he] was sentenced." Hutchinson's Brief at 11 (emphasis in original). Hutchinson

argues that "the harsher the conditions, the shorter the sentence should be."[5]

*Id*. at 9-10 (unnecessary capitalization omitted). Hutchinson contends that he "could not raise this aspect of an [E]ighth [A]mendment challenge in a post-sentence motion or direct appeal, since Covid-19 did not exist at those times." *Id*. at 11. Hutchinson also maintains that the court imposed his sentence without a permissible sentencing statute. *See id*. at 12.

In its opinion, the PCRA court determined that Hutchinson was not eligible for relief because his issues on appeal were either previously litigated or waived. *See* Trial Court Opinion, 9/26/24, at 6-8. The PCRA court noted that in Hutchinson's direct appeal from the judgment of sentence, this Court:

_____

[5] In his brief, Hutchinson also asserts: (1) the Commonwealth failed "to accurately and properly complete and deliver to the sentencing court, the 'Guideline Sentencing form' promulgated by the Pennsylvania Commission on Sentencing;" and (2) he timely raised his complaint. By way of background, we summarize that on October 25, 2024, Hutchinson filed in this Court a *pro se* "Application for Relief," questioning, *inter alia*, whether the Commonwealth "accurately and properly complete[d] and deliver[ed]" the sentencing guideline form. Application for Relief, 10/25/24 at unnumbered 1. On January 31, 2025, this Court issued a *per curiam* order, denying Hutchinson's requests without prejudice to seek relief in the trial court, and to raise the issues, *if properly preserved*, in his appellate brief.

We determine Hutchinson's October 25, 2024 filing of an "Application for Relief," pertaining to the sentencing guideline form, was not sufficient to preserve the claim because he did not first raise it before the PCRA court. *See Commonwealth v. Rush*, 959 A.2d 945, 948–49 (Pa. Super. 2008) (explaining that "[an] appellant cannot support . . . claims in this Court by advancing legal arguments different than the ones that were made when the claims were preserved") (citation omitted). Therefore, we deem this issue waived for failure to raise and preserve it before the PCRA court. *See* Pa.R.A.P. 302(a) (providing that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal").

(1) "specifically found that [his] sentence . . . was appropriate;" and (2) "fully discussed the discretionary aspects of [Hutchinson's] sentence and concluded that the sentencing court properly took into consideration the sentencing guidelines and Section 9721(b)." **Id**. at 6-7.

Upon review, the record supports PCRA court's determination that Hutchinson previously litigated his excessive sentencing challenges, including the discretionary aspects, on direct appeal. **See** 42 Pa.C.S.A. § 9543(a)(3); **see also Sandusky**, 324 A.3d at 564; **Spotz**, 18 A.3d at 281. Thus, this issue was not cognizable under the PCRA.

Second, we determine Hutchinson has waived his present COVID-19 related challenge to his sentence. Hutchinson's 2021 PCRA petition raised only the effectiveness of trial counsel and direct appeal counsel. **See id**.; **see also Ousley**, 21 A.3d at 1242. Hutchinson made no challenge to COVID-19 related issues with regard to his sentence.[6] **See** 42 Pa.C.S.A. § 9544(b); **see also** Pa.R.A.P. 302(a); **Ousley**, 21 A.3d at 1242; **Rush**, 959 A.2d at 948–49.

Hutchinson's remaining issue involves layered claims of ineffective assistance of counsel. We note that Hutchinson argues for the first time in his

_____

[6] Additionally, we reiterate the trial court imposed Hutchinson's sentence in 2018. The Covid-19 pandemic in Pennsylvania did not begin until the spring of 2020. Hence, the pandemic was not related to the trial court's authority to impose the sentence and thus cannot be the basis of any alleged illegality. Finally, "[a]ny issue relating to safety conditions of the prison, including such matters related to the pandemic, are not proper in a [collateral] appeal, but instead would be properly addressed to the Department of Corrections." **Commonwealth v. Crawford**, 257 A.3d 75, 79–80 (Pa. Super. 2021).

*pro se* Rule 1925(b) statement the failure of PCRA counsel to amend the PCRA petition. He also argues for the first time in his brief the failure of PCRA counsel to amend his *pro se* petition. He further argues for the first time the failure of PCRA counsel, trial counsel, and direct appeal counsel to furnish him with materials necessary for his appeal.

"[A] PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." *Commonwealth v. Bradley*, 261 A.3d 381, 401 (Pa. 2021).

> In some instances, the record before the appellate court will be sufficient to allow for disposition of any newly-raised ineffectiveness claims. However, in other cases, the appellate court may need to remand to the PCRA court for further development of the record and for the PCRA court to consider such claims as an initial matter. Consistent with our prior case law, to advance a request for remand, a petition would be required to provide more than mere "boilerplate assertions of PCRA counsel's ineffectiveness[;]" however, where there are material facts at issue concerning [claims challenging counsel's stewardship] and relief is not plainly unavailable as a matter of law, the remand should be afforded[.]
>
> . . . Specifically, an appellate court will not be tasked with developing the record or acting as a court of original jurisdiction. Rather, appellate courts will have the ability to grant or deny relief on straightforward claims, as well as the power to remand to the PCRA court for the development of the record. . . .

*Id*. at 402 (some quotation marks and citations omitted). Moreover, the *Bradley* Court determined Pa.R.A.P. 302(a), which provides that issues cannot be raised for the first time on appeal, does not pertain to timely-raised claims of PCRA counsel ineffectiveness. *Id*. at 404-05.

This Court has determined:

> [I]n addressing a petitioner's layered claim of ineffectiveness, we presume counsel is effective and determine whether the petitioner rebutted that presumption by establishing: [(1)] the underlying claim of ineffectiveness has arguable merit[; (2)] counsel's act or omission was not reasonably designed to advance the interest of the [petitioner; and (3) the petitioner] was prejudiced — that is, but for counsel's errors, the outcome of the proceeding would have been different." Additionally, "[i]n determining a layered claim of ineffectiveness, the critical inquiry is whether the **first attorney** that the [petitioner] asserts was ineffective did, in fact, render ineffective assistance of counsel.

*McCready*, 295 A.3d at 299-300 (citations omitted and emphasis in original). Additionally, "[c]ounsel cannot be found ineffective for failing to pursue a baseless or meritless claim." *Commonwealth v. Davis*, 262 A.3d 589, 596 (Pa. Super. 2021) (citation omitted).

Hutchinson argues that PCRA counsel was ineffective for failing to amend the PCRA petition. *See* Hutchinson's Brief at 8. Specifically, Hutchinson claims that PCRA counsel was ineffective "for adopting and incorporating [his] *pro se* petition. . . because the claims in the *pro se* petition were not exhaustive, and an amendment was . . . necessary to more fully develop claims." *Id*. Hutchinson also avers that PCRA counsel, as well as his trial and direct appeal counsel, were ineffective for failing "to furnish [him] with the materials necessary . . . to file a meaningful brief." *Id*. at 8, 12.

Here, the PCRA court addressed Hutchinson's claim of PCRA counsel's ineffectiveness and concluded that he failed to establish a basis for relief. *See* Trial Court Opinion, 9/26/24, at 7-8. The PCRA court determined: "PCRA

counsel reviewed the file and found no meritorious issues that could have [been] raised in a timely filed PCRA petition. Moreover, the 'no merit' letter fully addressed [Hutchinson's] claims that were raised in the original *pro se* filing." ***Id***. at 7-8.

Upon review, we conclude that the record before us is clear and sufficient to allow for disposition of Hutchinson's newly raised ineffectiveness claims. ***See Bradley***, 261 A.3d at 401. For the reasons that follow, however, we determine Hutchinson is not entitled to relief, and a remand would serve no purpose. ***See id***.

Here, the record reveals that on direct appeal, this Court considered Hutchinson's claims challenging the weight of the evidence and the discretionary aspects of his sentence and found them meritless. ***See Hutchinson***, 220 A.3d 632. As the PCRA court determined, PCRA counsel thoroughly reviewed Hutchinson's issues in his original *pro se* PCRA petition. After that review, PCRA counsel filed a "no merit" letter that fully addressed Hutchinson's claims of ineffective assistance of trial counsel, as well as a claim of ineffective assistance of his direct appeal counsel. Thereafter, the court permitted PCRA counsel to withdraw and dismissed Hutchinson's petition without a hearing. ***See*** Pa.R.Crim.P. 907(1); ***see also McCready***, 295 A.3d at 298. Instantly, in his brief, Hutchinson simply raises a bald, undeveloped allegation of ineffective assistance of PCRA counsel for failing to amend the PCRA petition to litigate claims that he, himself, has failed to identify. ***See***

***Bradley***, 261 A.3d at 402. Therefore, Hutchinson's ineffectiveness of PCRA counsel claim fails because counsel cannot be ineffective for failing to raise a meritless claim. ***See Davis***, 262 A.3d at 596.

Hutchinson has also failed to raise a genuine issue of material fact that would warrant remand for an additional evidentiary hearing concerning his remaining claim of ineffectiveness of PCRA counsel, trial counsel, and direct appeal counsel for failure to furnish him with materials necessary for his appeal. The critical inquiry in a layered ineffectiveness claim is whether the ***first attorney*** — Hutchinson's trial attorney — was ineffective. ***See McCready***, 295 A.3d at 299. Here, Hutchinson has failed to cite any evidence to show that his trial counsel's performance was deficient or that it prejudiced the outcome of his trial. ***See id***. Thus, Hutchinson's layered claim of ineffectiveness fails.

Accordingly, we affirm the order dismissing Hutchinson's petition.

Order affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 07/15/2025