**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RICHARD COLLINS | : | |
| | : | |
| Appellant | : | No. 3327 EDA 2024 |

Appeal from the PCRA Order Entered November 15, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005248-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RICHARD COLLINS | : | |
| | : | |
| Appellant | : | No. 3328 EDA 2024 |

Appeal from the PCRA Order Entered November 15, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005249-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RICHARD COLLINS | : | |
| | : | |
| Appellant | : | No. 3329 EDA 2024 |

Appeal from the PCRA Order Entered November 15, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005250-2018

J-S41009-25

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
RICHARD COLLINS :
:
Appellant : No. 3330 EDA 2024

Appeal from the PCRA Order Entered November 15, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003884-2019

BEFORE: BOWES, J., BECK, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY BOWES, J.: **FILED DECEMBER 9, 2025**

Richard Collins appeals from the orders dismissing without a hearing his petitions filed pursuant to the Post Conviction Relief Act ("PCRA"). We affirm.

This matter arises from Appellant's convictions of multiple counts of strangulation, involuntary servitude, trafficking in individuals, rape, and aggravated assault across four separate dockets. Briefly, Appellant was found guilty of the above offenses following a consolidated jury trial based on evidence that "he subjected four female victims to involuntary sexual servitude and other crimes during a period of several months." **Commonwealth v. Collins**, 279 A.3d 1281, 2022 WL 1645331, at *1 (Pa.Super. 2022) (non-precedential decision). Three of the victims testified during trial as to the abuse they endured and observed, which included Appellant controlling their access to telephones, locking them within his house,

_____

[*] Retired Senior Judge assigned to the Superior Court.

- 2 -

and withholding illicit drugs unless they engaged in either sexual favors or prostitution. The fourth victim, S.C., did not testify. Rather, Detective Kevin Gage of the Philadelphia Police Department explained to the jurors that he went to S.C.'s house during the morning on one of the days of trial and attempted to convince her to testify, but that she "was visibly shaken," retreated into her house, and would not speak with the detective anymore. *See* N.T. Trial, 8/8/19, at 53-54.

After the close of the Commonwealth's case, the trial court conducted a colloquy of Appellant as to whether he desired to testify. Appellant confirmed that he did not wish to do so. During the exchange, Appellant additionally confirmed that he was in agreement with his counsel's strategic decision not to call any witnesses and that he was satisfied with counsel's performance. *Id*. at 92-93. As indicated, the jury found Appellant guilty of numerous offenses relating to all four of the victims.

The trial court later sentenced Appellant to an aggregate sentence of twenty to forty years in prison. His direct appeal to this Court garnered no relief, and our High Court denied a petition for allowance of appeal on November 22, 2022. Appellant filed at each docket the same timely underlying PCRA petition through counsel, which was subsequently amended. The petition asserted ineffective assistance of counsel premised upon two bases: failing to investigate and call as fact witnesses two of Appellant's neighbors, and neglecting to request an adverse inference jury instruction in light of S.C.'s refusal to testify. Following a written response from the

Commonwealth, the court issued a notice of its intention to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant did not reply, and the court dismissed the petition.

These timely appeals followed. Both Appellant and the PCRA court complied with the strictures of Pa.R.A.P. 1925. We consolidated the appeals *sua sponte*. Appellant presents the following three issues for our review:

> [I.] Whether trial counsel was ineffective for failing to investigate and call witnesses on Appellant's behalf.
>
> [II.] Whether trial counsel was ineffective for failing to request a missing witness adverse inference jury instruction.
>
> [III.] Whether the PCRA court was in error in failing to grant an evidentiary hearing as to the above issues[.]

Appellant's brief at 7 (capitalization altered).

This Court reviews the dismissal of a PCRA petition to determine "whether the findings of the PCRA court are supported by the record and are free from legal error." **Commonwealth v. Howard**, 285 A.3d 652, 657 (Pa.Super. 2022) (cleaned up). Ultimately, "[i]t is an appellant's burden to persuade us that the PCRA court erred and that relief is due." **Commonwealth v. Stansbury**, 219 A.3d 157, 161 (Pa.Super. 2019) (cleaned up).

With respect to Appellant's attacks on the adequacy of counsel's representation, we observe that "counsel is presumed to be effective, and a petitioner must overcome that presumption to prove" his entitlement to relief.

*See Commonwealth v. Simpson*, 112 A.3d 1194, 1197 (Pa. 2015).  In that regard:

> [T]o establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.  The burden is on the defendant to prove all three of the following prongs:  (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa.Super. 2019) (cleaned up).  The petitioner's failure to sustain any prong of the test defeats the claim.  *See*, *e.g.*, *Commonwealth v. Rivera*, 199 A.3d 365, 374 (Pa. 2018).

In his first issue, Appellant asserts that counsel was ineffective for failing to investigate and call two witnesses at trial, namely Montel Finley and Jamal Sanders.  *See* Appellant's brief at 14.  He maintains that these individuals would have testified that, as Appellant's neighbors, they believed "Appellant was renting out rooms to the complaining witnesses to provide them with a safe place to live, . . . there was no prostitution or drug use in the home, and . . . there were not locks on the doors, so that everyone was free to come and go."  *Id*.  The amended petition included affidavits from both of these proposed witnesses, wherein they expressed that they spent significant time

at Appellant's house during the period in question and would have testified as to these facts at trial had they been given the opportunity.

In addressing this claim, the PCRA opined that Appellant's contention was meritless due to the colloquy conducted at trial, during which he expressed his agreement with counsel's decision not to call any witnesses. **See** PCRA Court Opinion, 1/23/25, at 5-6. In so doing, the court relied on our High Court's decision in **Commonwealth v. Thomas**, 323 A.3d 611 (Pa. 2024).

In that case, like here, the defendant filed a PCRA petition alleging ineffectiveness of counsel for failing to investigate and subpoena a potentially favorable witness. The court dismissed the petition following a hearing, and Thomas appealed directly to the Supreme Court, as the death penalty had been imposed. The **Thomas** Court recounted that in his colloquy, "Thomas affirmed that he was satisfied with trial counsel's representation; that there [were] no additional witnesses that he wanted to call and no other potential witnesses that were never contacted prior to trial." **Id**. at 626 (some capitalization altered). In affirming, the Court held that this claim necessarily failed:

> It is established that a defendant who makes a knowing, voluntary, and intelligent decision concerning trial strategy will not later be heard to complain that trial counsel was ineffective on the basis of that decision. To do otherwise would allow a defendant to build into his case a ready-made ineffectiveness claim to be raised in the event of an adverse verdict.

**Id**. (cleaned up).

- 6 -

In the matter *sub judice*, the following colloquy occurred at Appellant's trial:

[APPELLANT]: I am not going to testify.

THE COURT: Okay. In addition, [defense counsel], are you presenting any evidence or witnesses?

[DEFENSE COUNSEL]: The defense is not, Your Honor.

THE COURT: And, [Appellant], are you in agreement with that decision?

[APPELLANT]: Yes.

THE COURT: And, [Appellant], has anyone promised you anything or forced you or threatened you in any regard to making any of these decisions?

[APPELLANT]: No.

THE COURT: And are you and have you been satisfied with [counsel]'s representation of you throughout trial?

[APPELLANT]: Yes.

THE COURT: All right.

N.T. Trial, 8/8/19, at 92-93.

Based on our review, we find **Thomas** controlling. Appellant confirmed his agreement with the decision not to call any witnesses at trial and that he was satisfied with counsel's representation in that and all other respects. Just as our High Court found concerning Thomas, Appellant made "a knowing, voluntary, and intelligent decision concerning trial strategy," and therefore will not "be heard to complain that trial counsel was ineffective on the basis of that decision." **Thomas**, 323 A.3d at 626. Although Appellant feebly

attempts in his brief to distinguish this matter because the trial court here did not specifically ask about witnesses who were not contacted, **see** Appellant's brief at 14-15, we find that to be a distinction without a difference. The fact remains that Appellant stated under oath his concurrence with the decision not to call any witnesses, which would plainly encompass his neighbors, a decision by which he is now bound. Accordingly, Appellant's contention lacks arguable merit and no relief is due.

In his next claim, Appellant challenges trial counsel's efficacy for failing to request an adverse inference jury instruction against the Commonwealth based on S.C.'s refusal to testify at trial. **See** Appellant's brief at 17-18. This Court has previously recounted:

> A missing witness instruction may be given in limited circumstances. When a potential witness is available to only one of the parties to a trial, it appears this witness has special information material to the issue, and this person's testimony would not merely be cumulative, then if such party does not produce the testimony of this witness, the jury may draw an inference that it would have been unfavorable.

**Commonwealth v. Miller**, 172 A.3d 632, 645 (Pa.Super. 2017) (cleaned up). However, we have clarified that a party is not entitled to such an instruction when, *inter alia*, "[t]here is a satisfactory explanation as to why the party failed to call such a witness." **Id**. at 646 (citation omitted). Finally, "[o]nly where there is an abuse of discretion or an inaccurate statement of the law [with respect to jury instructions] is there reversible error." **Id**. at 645.

Appellant argues that he was entitled to this directive because S.C. had "full and true" knowledge of the charges against him relating to her as a victim. *See* Appellant's brief at 17. Further, he rejects the court's notion that this evidence would have been cumulative, since the Commonwealth's case was based so heavily upon the credibility of the complaining witnesses. *Id*. at 18. Appellant believes that if the jurors had the opportunity either to assess S.C.'s credibility or apply the adverse inference instruction, it likely would have altered the outcome of the case. *Id*.

The PCRA found that this claim failed for a multitude of reasons. Relevant to our analysis, it concluded that "the jury had been presented with a satisfactory explanation of [S.C.'s] absence," which would have given the trial court discretion to deny the request for an adverse inference jury instruction. *See* PCRA Court Opinion, 1/23/25, at 7. Appellant does not argue against this point on appeal.

We find no error with the PCRA court's resolution of this issue. The trial record bears out that the Commonwealth provided testimony from Detective Gage that he physically went to S.C.'s residence in New Jersey in an attempt to convince her to testify at trial. However, once S.C. realized the detective's purpose for being there, she retreated from him, refused to speak, and became upset. S.C.'s mother, who was also present, was likewise unable to aid the detective. He indicated that he attempted for several additional minutes to converse with S.C., but was unsuccessful in further communication or otherwise bringing her to court. The defense did not cross-examine

Detective Gage regarding any portion of this testimony. *See* N.T. Trial, 8/8/19, at 53-54.

Due to this uncontested evidence of a satisfactory explanation, we find that the trial court would have denied any request for the missing witness adverse inference jury instruction, if it were made. *See Miller*, 172 A.3d at 646. Hence, Appellant's contention that his counsel should have sought the instruction necessarily fails for lack of arguable merit. *See*, *e.g.*, *Commonwealth v. Spotz*, 896 A.2d 1191, 1210 (Pa. 2006) ("Counsel will not be deemed ineffective for failing to raise a meritless claim." (citation omitted)).

In his final claim, Appellant faults the PCRA court for dismissing his petition as to the above-discussed issues without granting him a hearing. *See* Appellant's brief at 18-19. "With respect to the PCRA court's decision to deny a request for an evidentiary hearing. . . , such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion." *Commonwealth v. Maddrey*, 205 A.3d 323, 327 (Pa.Super. 2019) (citation omitted). Furthermore,

> there is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary. To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

***Commonwealth v. McCready***, 295 A.3d 292, 298 (Pa.Super. 2023) (citing ***Maddrey***, 205 A.3d at 328).

As discussed *supra*, both of Appellant's other contentions on appeal were resolvable by the PCRA court through the existing certified record. Appellant has presented no genuine issue of material fact that, if proven, could have led to a potentially meritorious claim. We conclude therefore that the PCRA court did not abuse its discretion in dismissing the PCRA petition without a hearing.

For the above reasons, we have no cause to disturb the orders dismissing Appellant's petitions.

Orders affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/9/2025